## GEORGE PREFONTAINE, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Corporation, Appellant.

(199 N. W. 480.)

**Pleading — refusal of amendments introducing new defenses after close of defendant's case held not abuse of discretion.**

1. The general rule is that it is not an abuse of discretion to refuse to allow amendments introducing new defenses after the evidence is all in; § 7482, Comp. Laws, 1913, leaves it to the discretion of the trial court "in the furtherance of justice" to permit an amendment "before or after judgment" to conform to the proof.

**Master and servant — care required in furnishing tools and appliances.**

2. An employer is bound to use ordinary care to furnish his employees with reasonably safe and proper tools and appliances with which to work. In order to constitute actionable negligence on the part of the employer, the condition of the tools or appliances furnished the employee, who claims to have been injured because of defects therein, must be such as to suggest to an ordinarily careful person that it would be dangerous to use the same.

**Master and servant — evidence held to sustain judgment for employee in action for injury from defects in tool.**

3. For reasons stated in the opinion, it is held, that there is sufficient evidence to support the verdict of the jury.

---

Note.—(1) Permitting amendments to pleadings rests in sound discretion of court, see 21 R. C. L. pp. 575, 577; 3 R. C. L. Supp. 1170; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. 1164.

(2) Master's duty to furnish employee with safe tools and appliances, see 18 R. C. L. 587; 3 R. C. L. Supp. 827; 4 R. C. L. Supp. 1197; 5 R. C. L. Supp. 993.

(4) Excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A.1915F, 30; 8 R. C. L. 673; 2 R. C. L. Supp. 637; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480.

**Damages — $750 for injuries to hand held not excessive.**

4. For reasons stated in the opinion, it is held, that it does not appear that the verdict is excessive or was rendered under the influence of prejudice and passion.

Opinion filed June 12, 1924.

Appeal and Error, 4 C. J. § 2757 p. 799 n. 34, p. 800 n. 40; § 2836 p. 858 n. 3; § 2846 p. 871 n. 1. Damages, 17 C. J. § 433 p. 1103 n. 49. Master and Servant, 39 C. J. § 442 p. 314 n. 22; § 447 p. 328 n. 53 New; § 1271 p. 1064 n. 48. Pleading, 31 Cyc. p. 368 n. 9; p. 427 n. 46, 48; p. 450 n. 72; p. 454 n. 5. Trial, 38 Cyc. p. 1516 n. 57; p. 1518 n. 69.

Appeal from the District Court of Ward County, *Lowe*, J.

Affirmed.

*Murphy & Toner,* for appellant.

The courts universally hold that the statute of limitations is a meritorious defense and that it is error to deny a requested amendment seeking to set up this defense. Ann. Cas. 1914A, 24, note; Lilly-Beckett Co. v. Sonneman (Cal.) 106 Pac. 715; Routs v. Bartle (S. D.) 85 N. W. 591; Newton v. McGee (S. D.) 140 N. W. 252.

The Federal law applying the rule on assumption of risk is that the employee not only assumes the ordinary risks of the business but also defects created by the negligence either of master or fellow servants that are obvious, or that he becomes aware of before injury. Hough v. R. Co. 100 U. S. 213; Southwestern Brewery v. Schmidt, 226 U. S. 162; Seaboard Air Line v. Houton, 233 U. S. 504.

*McGee & Goss,* for respondent.

That nondelegable duty is imperative as it is unavoidable and remains upon the master throughout the employment. The master cannot escape it under the fellow-servant rule, because there is no fellow servant in legal significance in the matter of furnishing tools unsafe with which to work; such otherwise fellow servant becomes a vice principal. These principles may be found established in: U. P. R. Co. v. Marone, 159 C. C. A. 190; Choctaw R. Co. v. McKade (U. S.) 48 L. ed. 95; Armour Co. v. Hahn (U. S.) 28 L. ed. 440; Seaboard Am. Line Co. v. Horton (U. S.) 58 L. ed. 1062; Gunn v. Standard Oil Co. (C. C. A.) 275 Fed. 932.

"The defendant is not entitled as a matter of right to amend his answer upon the trial so as to set up a new and added defense and the trial court, under § 7482, Comp. Laws, 1913, is only authorized to grant permission to do so when such permission would be in furtherance of justice."

"Where upon the trial the court refuses to permit an amendment to the answer which sets up a defense, which, under the peculiar facts of the case is purely technical, and at the close of the trial the Judge sets aside a verdict for the plaintiff, and allows such amendment, and orders a judgment entered for the defendant notwithstanding the verdict and notwithstanding the fact that the evidence in support of the amendment was objected to, the supreme court, if it reverses such judgment notwithstanding the verdict on an appeal taken, will take into consideration the technical nature of the defense in determining whether the cause should be remanded to the district court with leave to perfect the motion for a new trial and in order that such defense may be pleaded and interposed and whether the remanding of the cause for such purpose would be in furtherance of justice." Ennis v. Ins. Co. 33 N. D. 20, 156 N. W. 234.

"The propriety of allowing the amendment rests very largely in a discretion of the trial court depending upon the circumstances of the particular case." Ann. Cas. 1914A, 16.

JOHNSON, J. This is a suit to recover for personal injuries alleged to have been received the latter part of January, 1923, by plaintiff while employed by the defendant at its coal docks in Minot, this state. Trial was had to a jury and resulted in a verdict of $750 for plaintiff, on which judgment was duly entered.

At the conclusion of plaintiff's case and also when both sides rested, defendant made separate motions for a dismissal and for a directed verdict upon the grounds that no negligence had been proved and that plaintiff had failed to prove the material allegations of his complaint. Both motions were denied. Later, the defendant moved for a new trial, or, in the alternative, for judgment non obstante upon the grounds that the trial court erred in refusing to permit defendant to amend its answer at the conclusion of the defendant's case and before it rested, so as to allege assumption of risk, insufficiency of the evidence,

and excessiveness of the verdict. This motion was denied and defendant appeals.

The complaint is in the ordinary form, the ground of negligence being failure on the part of the defendant to supply the plaintiff with reasonably safe tools and appliances with which to work, in this, that a pick necessarily used by the plaintiff in unloading coal and breaking the same into pieces of proper size had a split handle. It is alleged that plaintiff continued to use the pick in this defective condition because of the promise of defendant to supply a sound pick, which promise, however, was not performed and plaintiff alleges that as a result of defendant's negligence in this regard his hand was injured. The defendant answered, denying the material allegations of the complaint. Assumption of risk was not alleged. The defendant in this court asserts that the reason for not setting up the defense of assumption of risk was that the statements of all of the witnesses and of the plaintiff himself, made before the action was commenced, indicated that there was no liability because of no negligence and that, therefore, there was no proper place in the answer for the defense of assumption of risk. This explanation of the failure to allege that defense was not urged upon the trial court when the application to amend was denied. Defendant sought to amend to conform with the proof after all of the testimony had been introduced, but the trial court refused to permit the amendment. This is one of the errors assigned on this appeal. It is further contended by the appellant that the evidence is insufficient to support a finding of negligence and that in any event the verdict is excessive.

The facts may be somewhat briefly summarized as follows: The plaintiff had been employed by defendant off and on for some years at Minot. On the 22d of January, 1923, and for a long time prior thereto, the plaintiff was engaged in unloading coal at the coal docks in Minot. The only instruments used by the plaintiff and other employees engaged in the same work were a pick and crowbar. At the time of the injury and for some time prior thereto it was a part of the duty of the plaintiff to break the coal into pieces, using the pick and perhaps sometimes the crowbar for that purpose. The coal would come frozen in large chunks that had to be broken before it was fit for use.

It appears that there was a day and night shift with about three

51 N. D.—11.

men, including a foreman, constituting each shift. It further appears, from the undisputed testimony, that the same instrumentalities, that is, picks and bars, were used by both shifts. Plaintiff, at the time of the injury, was earning about $115 a month when he worked steadily. The plaintiff claims to have been disabled by reason of the injury for a period of about four months following the 31st of January, 1923; that the injury to the hand caused him some pain when he tried to use it. It does not appear in the testimony, either of the plaintiff himself, his physician, or of any other witness, that there was any external or superficial indication of injury.

The foregoing is not disputed. The plaintiff testified that he had to work for several days with a pick having a split handle and that his hand was hurt daily because of this defect; that he complained to the foreman before he quit; that the foreman told him that no extra pick handles were on hand, but promised to supply a new handle as soon as he could. He saw the company doctor about his hand on or about January 22, 1923. A new handle was not supplied and plaintiff says he had to quit work on or about January 31, 1923, because of the pain in and injury to his hand. Plaintiff further said that a few days after he quit he was on the premises of the defendant, saw a number of pick handles, talked with the foreman and was told by him that they had just arrived. All this testimony is denied by the foreman.

When the plaintiff consulted the defendant's physician at Minot (about January 22, 1923) he signed a statement in which he stated that he received the injury by using the crowbar and that the constant jarring of the end of the crowbar in the palm of his hand made his hand tender. The testimony of two other witnesses is to the effect that he told them that this was the manner in which he was injured. Two witnesses who saw the hand immediately after the plaintiff quit testified that they could see nothing the matter with it. So did the plaintiff's own physician, who testified. Several coemployees of the defendant on the day shift, as well as others who worked on the night shift, testified that there were always pick handles in reserve, that pick handles broke quite frequently and that the men themselves went to the reserve store and put on new handles as occasion required; these coemployees further testified that no employee, including plaintiff, was required to use or did use a pick with a handle in the con-

dition described by plaintiff; the handles would wear near the eye in the pick from constant contact with the coal. Plaintiff, while working, wore mittens or gloves.

In the statement signed by the plaintiff, stating how he was injured, he says that he was not injured because of any negligence on the part of the defendant; that he felt a pain in the palm of his right hand when using a bar about 6 feet long to break up the frozen coal; that he used the bar to poke the coal and then felt a pain in his hand; that there was nothing wrong with the bar he was using or any of the bars around the coal chute; and that there was no carelessness on the part of anyone employed by the railroad responsible for the injury. Plaintiff testified that he signed this at the request of the physician and that the questions were not put to him or asked him at all; that he cannot read well and did not read the statement. The doctor says he read all the questions to plaintiff and correctly recorded his answers thereto.

The defendant asked leave to amend the answer by inserting the defense of assumption of risk. The motion was made at the close of the defendant's case, but before either side rested.

The general rule is that it is not an abuse of discretion to refuse to allow amendments introducing new defenses after the evidence is all in; 31 Cyc. 426, 427; and § 7482, Comp. Laws, 1913, leaves it to the discretion of the trial court "in furtherance of justice," to permit an amendment, "before or after judgment," to conform to the proof. Had the trial court allowed the amendment, we would not have held such ruling an abuse of discretion, under the facts in the record. The question of allowing an amendment rests in the sound discretion of the trial court, and unless it clearly appears that discretion in that regard has been abused, the decision of the trial court will not be disturbed on appeal. We cannot say it was an abuse of discretion to refuse to allow the amendment.

It is contended that the evidence is insufficient to support the verdict; that there is no evidence of negligence.

An employer is bound to use ordinary care to furnish his employees with reasonable safe and proper tools and appliances with which to work. Meehan v. Great Northern R. Co. 13 N. D. 432, 101 N. W. 183; Wyldes v. Patterson, 24 N. D. 218, 139 N. W. 577; Miller v.

Minneapolis, St. P. & S. Ste. M. R. Co. 50 N. D. 296, 195 N. W. 33. In order to constitute actionable negligence on the part of the employer, the condition of the tools or appliances furnished the employee, who claims to have been injured because of defects therein, must be such as to suggest to an ordinarily careful person that it would be dangerous to use the same. Great Northern R. Co. v. Johnson, 125 C. C. A. 183, 207 Fed. 521.

The evidence has been summarized; it may not be very convincing in some respects, especially as to the cause or extent of the injury. The weight of the evidence and the credibility of the witnesses are for the jury. The plaintiff testified to the defective condition of the handle; that he complained thereof to the foreman; that the foreman promised to give him a new handle or new pick as soon as it could be obtained; that upon that assurance he continued to work with the defective pick; that the promise was not performed; and that the defective handle hurt his hand and disabled him for about four months. Defendant's own witnesses testified that pick handles broke frequently because of the contact with the frozen coal, so defendant knew that emergencies might arise where an employee might have to work with a defective handle unless an adequate stock of new handles was at hand. Upon all the salient facts plaintiff's testimony stands alone and is contradicted by several witnesses. The jury, however, accepted his version of the facts and we see no reason to disturb the verdict.

Upon the question of the excessiveness of the verdict little need be said. Plaintiff lost about four months of time he claimed he suffered pain in the injured hand. Presumably the jury allowed him between $250 and $300 for pain and suffering. We do not believe that there are any facts in the record from which he would be justified in saying that the verdict was arrived at under the influence of prejudice and passion. We are not disposed to indulge in refinements and niceties in order to reverse the findings of the jury upon facts, or its estimate as to the amount that will compensate the plaintiff for the pain he suffered in consequence of his injuries.

The judgment is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.