**L. F. TEMME,** as administrator over the
estate of Beata Traxel, aka Beatha
Traxel, Plaintiff and Respondent,

v.

Robert **TRAXEL,** Defendant and Appellant.

No. 7796.

Supreme Court of North Dakota.

March 21, 1960.

1

**2**

———◆———

Floyd B. Sperry, Bismarck, for plaintiff and respondent.

Sailer & Richardson, Hazen, for defendant and appellant.

PER CURIAM.

The plaintiff is the administrator of the estate of Beata Traxel, deceased, and brings this action in his official capacity to recover the sum of $2,000 with lawful interest from the defendant under these allegations:

"That the defendant received into his possession certain properties belonging to said estate, after the death of the decedent, the same consisting of United States government bonds described as follows:

| | | |
|---|---|---|
| M6997566G | Nov. 3, 1949 | $1,000.00 |
| M7000568G | Dec. 6, 1949 | $1,000.00 |

"That thereafter the defendant converted said bonds into cash, having agreed to distribute the proceeds among said heirs, and which monies the defendant now retains and refuses to surrender, though repeated demands have been made therefor, each of said heirs being entitled a respective share therein, upon the completion of the administration of said estate."

The defendant answered, admitting the appointment of plaintiff as administrator and denying all of the other allegations of the complaint. The case was at issue on the trial calendar for the June 1958 term of the District Court of Mercer County, Honorable Harvey J. Miller presiding. On June 23, 1958, the parties, through their respective attorneys, appeared before Judge Miller in Dickinson, Stark County, North Dakota, where the proceedings resulting in this appeal were had. The attorney for plaintiff addressed the court as follows:

"Your honor, counsel in this case have agreed that the defendant may be examined at this time, and that his deposition be taken for use in the trial of the case when it is reached for trial, * * *".

After stating, "I think that the procedure comes within Rule 26 of the new set of rules," he asked that the defendant, Robert Traxel, be sworn. The attorney for defendant then stated that he believed the plaintiff had a right to call the defendant prior to the trial and attorney for the plaintiff said:

"That's right, that is the effect, as you say. To examine any party, any time in advance of the trial and it would be cross-examination under the statutes."

After the defendant was sworn plaintiff's attorney cross-examined him. The defendant stated that he had three sisters and two brothers. When Beata Traxel died she had two $1,000 government bonds and one $500 bond. They were bought for her with her money by the defendant. He had them in his possession when she died. The de-

fendant cashed the bonds. The proceeds of the $500 bond were used to pay the funeral expenses of the deceased. The other $2,000 was retained by the defendant.

There is no controversy regarding the $500 bond. The funds in issue are the proceeds of the other two bonds. Further testimony of the defendant concerning these funds is as follows:

"Q. Now, isn't it a fact that you told your sister Sofia Boeshans, in the presence of her husband, Fred Boeshans, at this time, that you would divide that bond money up with the other children? A. Well, if we could get to an agreement, yes.

"Q. What agreement did you tell them that you wanted? A. I wanted it so that they all get the same share out it, the other two and the other four of us.

"Q. Well, there were six of you? A. Six all together, yes.

"Q. And, you wanted the money from the bonds divided so that each one of the six would receive an equal share, is that right? A. Yes.

"Q. Well, they—nobody objected to that, did they? A. Well, I didn't get no answer yet.

"Q. You are still willing to do that, isn't that right? A. Well, I don't know, I just as soon have this thing settled as soon as possible.

"Q. Why didn't you ever distribute that money in that manner? A. That is the time when they started fighting me.

"Q. Well, in what way were they fighting you? A. Well, they said I couldn't claim those bonds, the bonds weren't mine and. they would have to be put in the estate.

"Q. I beg your pardon? A. Told me the bonds weren't mine. I would

have to get them in the estate to divide them. * * *

"Q. And, you don't deny that you agreed, at that time that you had that conversation, that you were willing to divide the money from those two bonds, providing each of the six of you received an equal share, is that right? A. Yes, at that time.

"Q. Well, aren't you still willing to do it that way? A. Well, I had just about too much expense to do that now.

"Q. You mean because of this lawsuit, is that what you mean? A. Yes."

That concluded the examination of the defendant. Plaintiff's counsel then asked for a discussion off the record, which was had, after which counsel for the plaintiff said:

"Couldn't we settle this, he admits his promise, what is the use of fighting. We move for a judgment on his testimony."

The court immediately announced that the motion was granted. He made no findings of fact or conclusions of law but after a recitation of facts favorable to the plaintiff in an order for judgment, he directed that judgment be entered for $2,000 and costs of the action. Judgment was entered pursuant to this order and the defendant appealed and demanded a trial de novo.

■ The plaintiff contends that the proceedings had before Judge Miller amounted to a motion for a summary judgment or for a judgment on the pleadings. The former motion is governed by Rule 56 of the North Dakota Rules of Civil Procedure. The latter is governed by Rule 12 (c). A motion for summary judgment must be served at least ten days before the time fixed for hearing and the adverse party may serve opposing affidavits. The moving party is entitled to a summary judgment if it appears that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law. Rule 56(c). The record is clear that no notice of motion for summary judgment was given and the defendant had no opportunity to be examined by his own attorney, to make any explanation of the testimony that was elicited from him on cross-examination or present any counter-affidavits or other showing on his behalf. The proceeding cannot be considered as a motion for judgment on the pleadings mainly for the reason that it was not made as such and for the further reason that the pleadings indicate that there are issues of fact to be tried which are not determined by the testimony elicited on defendant's cross-examination.

One who moves for a summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. That is a requirement of our rule. The evidence presented at a hearing on such a motion must be construed in favor of the party opposing the motion and he must be given the benefit of all favorable inferences which may be reasonably drawn from the evidence that indicate the presence of a genuine issue of fact. Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Section 1235.

The proceeding before Judge Miller was one to take a deposition in a pending action which is governed by Rule 26 of our Rules of Civil Procedure. The action is one to recover assets of the estate, brought by the administrator. The testimony of the defendant shows that he disagreed with the other heirs over putting the bonds into the estate. Aside from any question of consideration for such promises as might be inferred, the evidence does not show that any promise was made to the administrator or anyone representing the estate. The conversation was between heirs of the estate in their individual capacity. The only motion that was made was one for judgment on the defendant's testimony. Our rules do not provide for making such a motion at the taking of a deposition and without notice. It can not be entertained under the circumstances presented by this record. The judgment appealed from is reversed and the case is remanded for trial in the district court.

SATHRE, C. J., and MORRIS and BURKE, JJ., concur.