John OLSTAD, Plaintiff and Appellant,

v.

Alvin OLSTAD, Defendant and Respondent.

No. 8119.

Supreme Court of North Dakota.

March 5, 1964.

STRUTZ, Judge.

This is an appeal by the plaintiff from a summary judgment dismissing the plaintiff's cause of action.

The plaintiff is a thirty-one-year-old farmer who, except for a short time spent in military service, has lived his entire lifetime on a farm. He is a normal adult, who has worked with power machinery since he was about fifteen years of age. He formerly worked for his father, the defendant in this action, but, for some five years prior to the accident described in the complaint, had operated his own farm.

The alleged cause of action arose while the plaintiff was helping to fill a silo on the farm of the defendant, where he was assisting on an exchange-of-labor basis. The filling of the defendant's silo had been started on the morning of the day on which the plaintiff was injured and, although it was the first day during the 1961 season that either the plaintiff or the defendant had worked with the silo filler, this equipment had been used by a joint owner for a period of several days prior to its use on the defendant's farm.

The machine at which the plaintiff was working is designated as a "forage blower," and is used to blow corn, which is cut in the field, into the silo. The corn is dumped from trucks into a hopper from which an auger works it to the blower, or fan. This machine is equipped with a slip clutch and a throw-out clutch, either of which is designed to stop the auger. The corn which was being put into the silo was green and wet, causing conditions around the hopper to be moist and slippery.

At about five o'clock in the evening, the plaintiff slipped and accidentally got his foot into the hopper, where it was caught by the auger, but the slip clutch failed to work. The plaintiff's brother-in-law, who was helping unload corn, stopped the auger by using the throw-out clutch. Before it could be stopped, however, the plaintiff was severely injured.

Lanier, Knox & Shermoen, Fargo, for plaintiff and appellant.

Letnes, Hansen & Murray, Grand Forks, for defendant and respondent.

The plaintiff's complaint alleges that the defendant was negligent in two respects: first, that the defendant failed to provide the plaintiff with a safe place from which to work; and, second, that the defendant had negligently failed to adjust the slip clutch so that it would stop the auger when the plaintiff accidentally slipped into the hopper. The defendant's answer denies any negligence on his part, and alleges that if the plaintiff was injured, his own negligence proximately contributed to such injury and, further, that the plaintiff assumed the risks incident to the performance of his duties in operating the silo-filling machine.

Depositions of the plaintiff, of Pauli Olstad, co-owner of the silo-filling equipment, and of Gordon Anderson, the plaintiff's brother-in-law, who was working with the plaintiff at the time of the accident, were taken by the defendant. The defendant then moved for summary judgment on the pleadings and on the depositions so taken, pursuant to Rule 56(b) of the North Dakota Rules of Civil Procedure. This motion was strenuously resisted by the plaintiff, but, after a hearing, the trial court granted the defendant's motion and summary judgment was entered. From such judgment the plaintiff has appealed to this court, demanding a trial de novo.

■ Ordinarily, a summary judgment will not be granted in negligence cases where the standard of the reasonable man must be applied to conflicting testimony. But where it conclusively appears that the plaintiff is barred by law from recovering, and that a judgment for him could not be permitted to stand in case the jury should return a verdict for the plaintiff, a summary judgment may properly be granted. Thus it is only in exceptional cases that summary judgment may be invoked in negligence actions.

Here, the plaintiff alleges that the defendant, his father, was guilty of negligence on two grounds. The first is that the defend-

ant failed to provide the plaintiff with a safe place from which to operate the equipment with which he was working. He alleges that "the plaintiff was compelled to stand on it and while so doing slipped and fell into the machine."

This allegation of the plaintiff is clearly negatived by the plaintiff's own testimony in his deposition that the defendant did not tell him how to unload the corn, nor did the defendant tell him where he should stand while unloading. The plaintiff testified, in part:

"I was told to do the work and that's the way I saw to do the work."

The plaintiff further stated that he was not blaming the defendant because of where he stood to do the unloading:

"No, I'm not blaming him for that."

■ Clearly the defendant could not be held liable for plaintiff's injury while doing the work in a dangerous manner when the plaintiff deliberately chose to do the work in the manner in which he was performing it when the accident occurred.

The plaintiff further charges that the defendant failed to adjust the slip clutch and that his failure in this regard caused the auger to continue to operate when the plaintiff's foot got into the hopper. The record shows that the plaintiff knew that the work he was doing was dangerous, slip clutch or no slip clutch. The plaintiff realized that, if he slipped and got any part of his body into the moving parts of the equipment, he would be hurt, because he testified:

"It was a place where you had to be careful."

The plaintiff also testified:

"* * * you could slip off and get hurt * * *"

Yet, being fully aware of the peril and knowing the danger involved in the work

he was performing, the plaintiff deliberately chose to stand where he did to unload the corn.

The deposition of Pauli Olstad, part owner of the equipment and the man who had used the machine just prior to its being used on the farm of the defendant, discloses that the slip clutch on the blower stopped the auger when too much corn was put into the hopper. He stated that the equipment had operated perfectly while it was used on his farm, and he recalled that it was overloaded on at least one occasion on the last day of its operation on his farm and that the slip clutch worked at that time. He further stated that he made no adjustments on the clutch because it was working fine.

■ We cannot conceive how the failure of the slip clutch to stop the auger of the forage blower instantaneously can be held to be negligence on the part of the owner. There is nothing in the record to indicate that such a machine should be checked hourly, or daily, to determine whether the clutch is working, and that failure to do so would make the machine more dangerous than it normally was. The record does show that the use of the blower tends to loosen the slip clutch, and that it had to be tightened occasionally. The clutch had worked perfectly on the previous day of its use. There is no evidence of any tendency of the slip clutch to tighten by use of the machine which would make it more hazardous. It is true that there was a hazard in operating this blower as there is in the operation of most farm machinery. The only basis for the defendant's liability would be his failure to warn the plaintiff of such dangers which were unknown to him, or which were not obvious to the employee.

■ We next consider whether the defendant would be liable for failure to warn the plaintiff, or whether, under the circumstances, the plaintiff assumed the risks involved in the operation of the equipment. While an employee does not assume the risks of injury caused by his employer's negligence where he has no knowledge of existing danger, he does assume the risks and dangers connected with his employment which are known to him, or which would have been discoverable by the exercise of ordinary care on his part. Wyldes v. Patterson, 31 N.D. 282, 153 N.W. 630; Sec. 34-02-02, N.D.C.C.

Here, the plaintiff not only knew but appreciated the risks involved in the work that he was doing, because he himself said he realized the risks fully. He knew that "you could slip off and get hurt," yet he continued working, knowing the danger. In fact, he deliberately chose to do the work in a dangerous way, for he said:

"I was told to do the work and that's the way I saw to do the work."

■ The plaintiff cites a number of cases of this court on the matter of assumption of risk, including the case of Umsted v. Colgate Farmers' Elevator Co., 18 N.D. 309, 122 N.W. 390; and the case of Lund v. Knoff (N.D.), 85 N.W.2d 676. Both of these cases, however, involved employees who were minors. In the Lund case, this court pointed out that even in the case of an immature and inexperienced servant, while the employer has the duty to warn of dangers incident to the work which are not obvious to such servant, warning need not be given in regard to dangers which are obvious to and fully appreciated by the servant, making due allowance for the employee's youth and inexperience.

In the case before us, the employee is not young and inexperienced. He is a fully mature man who has spent his entire lifetime on a farm, working with farm equipment. Furthermore, he admits that he was aware of the dangers involved and fully appreciated those dangers.

Other jurisdictions have held that, ordinarily, a farm servant injured by the use of farm machinery has no right of recovery

against his employer where his injuries are occasioned by the ordinary risks of his employment, which risks he knew or should have known. Breen v. Keen, 55 S.D. 150, 225 N.W. 223.

In this case, an experienced farm worker, fully aware of the risks and dangers involved in his work, suffered injury. He realized that he must not come in contact with the moving parts of the equipment or he would be injured. He realized that he must execute the utmost caution in the operation of the equipment which he was using. He was aware of the danger of getting his foot into the equipment and the danger of standing where he deliberately chose to stand to unload the corn. He admits that he knew the danger of the entire operation, yet he says, " * * * that's the way I saw to do the work." He even admits that he is not blaming the defendant for his slipping and falling into the equipment, but only for failing to inspect the slip clutch, which failed to work, causing more severe injuries than he would have suffered had such slip clutch operated.

Under the facts as they were before the trial court on the motion for summary judgment, we believe that court properly granted the motion of the defendant for such judgment. To hold the defendant liable, under the circumstances in this case, for failure of the slip clutch to work would, in fact, make the defendant an insurer for the safe operation of the equipment.

We believe the trial court correctly held that, under the circumstances in this action, there was no genuine issue to be submitted to the jury and that the plaintiff assumed the risk of injury and thus could not recover.

The judgment of the district court, granting summary judgment for dismissal of the plaintiff's action, is affirmed.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.