Sigurd HAGA, Plaintiff and Respondent,

v.

John N. COOK, Defendant and Appellant.

No. 8277.

Supreme Court of North Dakota.

Oct. 20, 1966.

Odell Astrup, Fargo, for plaintiff and respondent.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendant and appellant.

STRUTZ, Judge (On reassignment).

This is an appeal from an order denying the defendant's motion for judgment not-

withstanding the verdict and from judgment entered for the plaintiff.

The plaintiff is a sixty-four-year-old man who had worked as a farm laborer for most of his adult life. Except for a short period spent as a worker in the shipyards during World War II, he had worked as such farm laborer for the entire period since coming from Norway more than thirty years ago.

The alleged cause of action arose while the plaintiff was working as a hired hand for the defendant, helping load grain from a granary into a truck. An elevator auger was used to load the grain from the granary into the truck. An attachment called "the drag auger" was used to carry the grain from various parts of the granary to the loading auger. This work had been started some three days prior to the accident, at which time the plaintiff and another employee, named Hendricks, were instructed to empty certain bins in the granary by using the augers.

Prior to the start of the loading of the grain, the plaintiff got the drag auger from where it had been stored. It was at that time that he discovered that the metal handle used for moving the drag auger had been broken off. How this was broken is not disclosed by the record. On discovery of the broken handle, the plaintiff himself secured some ordinary telephone wire and attached it to the drag auger to serve as a handle. It is undisputed that he was not told to do this by the defendant, although there is some dispute in the evidence as to whether the defendant saw the plaintiff improvise the wire handle, or whether he became aware of the presence of the handle after it had been installed.

In loading a truck from one of the bins in the granary, the plaintiff and Hendricks would work inside the bin until the truck was almost full, at which time Hendricks would go out to the truck to level off the load while the plaintiff remained in the bin. The plaintiff was the only person who moved the drag auger in the bin which was being emptied.

It was at a time when the truck being loaded was about full, and Hendricks had gone out to level off the load, that the plaintiff bent over to pick up the drag auger for the purpose of moving it. The plaintiff testified that, as he went to pick it up by the wire, he noticed that the wire had flopped over toward the moving auger and was about four inches from the moving parts. He was wearing large gloves at the time. As the plaintiff bent over to pick up the auger by the improvised handle, his glove was caught in the moving spiral and dragged into the auger, causing severe injuries to his hand and arm.

The case was tried to the jury, which returned a verdict for the plaintiff. The defendant thereupon moved for judgment notwithstanding the verdict, which motion was denied. He now appeals to this court from the order denying the motion for judgment notwithstanding the verdict and from the judgment entered on the verdict of the jury.

The issues presented on this appeal are whether the evidence was sufficient to support a finding of negligence on the part of the defendant and whether the evidence on the question of plaintiff's contributory negligence and assumption of risk was not such as to show that the plaintiff was contributorily negligent and that he assumed the risk incident to the employment as a matter of law.

■ Where a motion for directed verdict, made at the close of the evidence, is opposed, the trial court has no alternative but to submit the case to the jury. Rule 50(a) of the North Dakota Rules of Civil Procedure provides:

"At the close of all of the evidence any party may move the court to direct a verdict in his favor upon one or more claims and against one or more parties. If the adverse party objects thereto, the court shall submit to the jury the issues of all claims as to which evidence has been received upon all issues and as to such claims the motion shall be denied. * * *"

■ A judgment notwithstanding the verdict cannot be ordered unless a motion for directed verdict has been made and denied. Ennis v. Retail Merchants' Ass'n Mut. Fire Ins. Co., 33 N.D. 20, 156 N.W. 234.

■ Thus, when the plaintiff objected to the defendant's motion for directed verdict, the trial court had no alternative but to deny the motion. On a subsequent motion for judgment notwithstanding the verdict, however, the trial court then determines whether the motion for directed verdict should have been granted and, if it determines that the defendant is entitled to judgment as a matter of law, then such motion for judgment notwithstanding the verdict should be granted. Sec. 28–27–29.1, N.D.C.C. On appeal from the ruling made by the trial court on such motion for judgment notwithstanding the verdict or from the judgment entered, this court may review the ruling on the motion for a directed verdict and may reverse, affirm, or modify the order entered. In other words, this court, on appeal from an order denying motion for judgment notwithstanding the verdict, may review the ruling on the motion for a directed verdict and may order judgment to be entered when it appears from the testimony that a verdict should have been directed. Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588.

On this appeal, we first must determine whether, from the testimony in the case, it appears that a verdict should have been directed for the defendant. The only negligence on the part of the defendant alleged in the plaintiff's complaint is that the defendant was the plaintiff's employer and had supervision over the plaintiff's activities; that the defendant owned the auger which injured the plaintiff; and that the rigid handle with which the auger originally had been equipped had been replaced by the flexible wire. The complaint alleges that the defendant replaced the original handle with this flexible wire. The undisputed evidence, however, shows that this had been done by the plaintiff himself, although the evidence is conflicting as to whether it was done with or without the knowledge of the defendant.

■ A defendant's negligence never is presumed merely from proof of the accident, but must be affirmatively established. Severinson v. Nerby (N.D.), 105 N.W.2d 252.

The record discloses that the plaintiff was a sixty-four-year-old experienced farmhand. He had worked with farm machines for years and had worked with similar augers for a number of years, and with this particular auger for at least two seasons. When he got the auger for use in loading grain from the granary a few days prior to the accident, he discovered that the rigid handle used for moving the auger had somehow been broken off. He himself, without any instruction from the defendant employer, improvised a handle made with telephone wire. The plaintiff admits that he knew the auger was dangerous and that he knew he should keep his hands away from the moving parts. Yet he reached down to move the auger when it was bouncing up and down while running empty, knowing that, at best, there were only four inches between the wire and the moving auger. Nevertheless, knowing this, he reached down with a gloved hand and tried to grab the wire while the auger was in operation.

■ Thus we have a situation where the plaintiff continued to work with knowledge

of dangers to which an ordinarily prudent man would surely refuse to expose himself. And the danger was vastly increased because of the improvised wire handle which the plaintiff himself attached to the auger. Where an employee has actual knowledge of danger, or where the danger is so obvious that an ordinarily prudent person, in the exercise of ordinary care, knows or ought to know of such danger, he assumes the risk incident thereto by continuing to work under such conditions. As we said in Olstad v. Olstad (N.D.), 126 N.W. 2d 795, 796:

"A servant assumes all of the ordinary risks and dangers of his employment which are known to him or discoverable by the exercise of ordinary care on his part."

The plaintiff, by his own testimony, clearly establishes that he knew the obvious risk of moving the drag auger by grabbing the wire handle which he himself had made and which had flopped down toward the moving parts. The defendant cannot be held liable for the plaintiff's injury while he was doing work in so dangerous a manner when the plaintiff himself not only knew of the danger but, in fact, created the danger by improvising the wire handle. Being fully aware of the peril and knowing the danger, the plaintiff deliberately exposed himself to it.

For reasons stated herein, the motion for judgment notwithstanding the verdict should have been granted by the trial court. The judgment entered in this case is reversed and the case is remanded with instructions to dismiss the plaintiff's complaint.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.