Melvin E. TITUS, Plaintiff and Appellant,

v.

Roy A. TITUS, Defendant and Respondent.

No. 8313.

Supreme Court of North Dakota.

Nov. 24, 1967.

Moody M. Farhart (Paul E. Rohde, Associate), Minot, for appellant.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for respondent.

KNUDSON, Judge.

This appeal is from a summary judgment entered in favor of the defendant, Roy Titus, dismissing the plaintiff's action.

The plaintiff is a fifty-five-year-old farmer, who has owned and worked with cattle all his life. He was injured while assisting the defendant, at the request of the defendant, in vaccinating a herd of cattle on the defendant's farm. A cattle chute, furnished to the defendant by his brother-in-law, Harold Peterson, was used to restrain the cattle while the veterinarian performed the vaccination. The cattle chute was homemade by Mr. Peterson. At

the front end of the cattle chute was a gate, attached to the cattle chute by hinges on one side, and kept closed by a spring latch on the other side. Within the gate, and a part of it, was a clamp, or squeeze, which was lowered, like a guillotine, by a lever, over the animal's neck, holding the animal's head in a vise-like grip. The lever was locked by a ratchet bar. After the animal had been vaccinated the clamp was raised by releasing the lever, and the gate was then opened to permit the animal to leave.

As neither the plaintiff nor the defendant had used this cattle chute before, nor one of a similar type, both were unfamiliar with its method of operation. But both parties on other occasions had used other types of cattle chutes. The cattle chute was brought to the defendant's farm and set up on the day before, or in the morning of the day, the accident happened, and was in place and ready for use when the plaintiff arrived about 2:00 p. m. The defendant, another brother, and the brother-in-law had already taken up positions in the barn to drive the cattle into the cattle chute. The veterinarian had taken a position at the gate to administer the vaccine. The plaintiff took a position at the gate as that was the only place left unattended. He was given no instructions on the operation of the cattle chute. His job was to operate the clamp restraining the cattle during the vaccination and to release the clamp and open the gate to let out the cattle when the vaccination was completed.

Shortly after the work had commenced one of the animals, either the second or third, broke out of the cattle chute, springing open the latch on the gate. After a discussion with the veterinarian a piece of wood was placed as a wedge in the latch. The defendant was not informed about the defective latch. The work continued for some time without trouble, until the plaintiff, after he had started to release a cow, was told by the veterinarian to hold the cow in the chute until a small sucking calf, which had slipped up behind the cow,

could be turned back so that it would not escape when the cow was released. In compliance with the order of the veterinarian the plaintiff, who had released the lock of the lever of the clamp, held down the lever by his own weight to hold the cow, but the cow made a terrific lunge, bursting open the gate and throwing the clamp and clamp lever upward, tossing the plaintiff to the ground and injuring his shoulder. A few minutes later the plaintiff, seeing the calf about to get out through the chute, the gate apparently having swung shut, pulled down the lever to close the clamp on the calf to stop it from getting out, But, because the calf's neck was too small to stop the clamp, the lever went all the way down to the frame, smashing the plaintiff's finger between the lever and the frame.

The plaintiff alleges that the defendant was negligent in that he failed to provide proper and safe working conditions. The defendant's answer denies any negligence on his part, and alleges that if the plaintiff was injured it was due to persons, things, or causes over which he had no control, or by the plaintiff's contributory negligence, and that the plaintiff assumed the risks connected with this type of work.

The defendant moved for summary judgment under Rules 56(b) and (c) of the North Dakota Rules of Civil Procedure on the pleadings, the deposition of the plaintiff and the affidavits of the defendant and Harold Peterson. The plaintiff resisted the motion and submitted his affidavit. After a hearing was held and briefs were submitted, the trial court granted the defendant's motion for summary judgment against the plaintiff. The plaintiff appeals from the judgment.

The plaintiff contends that the court erred in granting summary judgment dismissing the complaint, there being an issue of fact triable to a jury; that the court erred in granting a dismissal based on the self-serving affidavits of the defendant and of the owner of the machine involved, thus

depriving him of an opportunity to cross-examine the affiants and depriving the jury of an opportunity to observe their demeanor; that the court erred in granting a dismissal based upon the observability of a defect to plaintiff, while apparently overlooking both the observability of the same defect to the defendant and the statutory duty of defendant as an employer to provide safe working conditions for his employees. The sole issue is whether the defendant was entitled to a summary judgment as a matter of law.

In the instant case the court granted summary judgment on the grounds that there was no evidence of any negligence on the part of the defendant, and that the plaintiff assumed the risk and danger known to him or discoverable by the exercise of ordinary care on his part, and was contributorily negligent as a matter of law. The court concluded that there was no genuine issue as to any material fact.

The plaintiff contends, however, that there was evidence of negligence on the part of the defendant by his failure to supply a safe machine and safe working conditions, to inspect the machine for defects and to warn the plaintiff of any defects discovered or discoverable. The plaintiff further contends that on the questions of assumption of risk and contributory negligence there was no evidence adduced of any knowledge or appreciation on the part of the plaintiff of any danger arising from the operation of the cattle chute, that there must be a combination of knowledge and appreciation of the danger in order to give rise to the defense of assumption of risk.

■ A party moving for summary judgment is entitled to judgment if it appears that there is no genuine issue of any material fact to be tried by the court. Lang v. General Motors Corporation, 136 N.W.2d 805 (N.D.1965); Fire Ass'n of Philadelphia v. Vantine Paint & Glass Company of Bismarck, 133 N.W.2d 426 (N.D.1965); Mondy v. Gjesdal, 123 N.W.2d 33 (N.D.

1963); Temme v. Traxel, 102 N.W.2d 1 (N.D.1960).

The rule provides that:

Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. * * *

N.D.R.Civ.P. 56(c).

This court in Feather v. Krause, 91 N.W. 2d 1 (N.D.1958), said:

Under this rule [N.D.R.Civ.P. 56(c)] the motion will be granted only if after taking the view of the evidence most favorable to the party against whom summary judgment is sought it appears that there is no genuine issue as to any material fact and that the party seeking the judgment is entitled to it as a matter of law. Sauter v. Sauter, 244 Minn. 482, 70 N.W. 2d 351; McCuller v. Workson, 248 Minn. 44, 78 N.W.2d 340; Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Section 1234; Moore's Federal Practice, Second Edition, p. 2123.

■ The party moving for a summary judgment has the burden of establishing that there is no genuine issue as to the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.

This court said in Temme v. Traxel, 102 N.W.2d 1 (N.D.1960):

One who moves for a summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact.

And in Mondy v. Gjesdal, 123 N.W.2d 33 (N.D.1963), we said:

He who moves for summary judgment under Rule 56, North Dakota Rules of Civil Procedure, has the burden of

establishing clearly that there is no genuine issue of fact.

Though the procedure is freely available in all types of litigation, it is obvious that some kinds of cases lend themselves more readily to summary adjudication than do others. It is as much for functional reasons as for historical that statistics show motions for summary judgment granted more frequently in actions on notes and for debts than in other kinds of cases. Barron & Holtzoff, Federal Practice and Procedure (rules ed.) § 1232, p. 105. There are three classes of litigation which are not usually suited for summary disposition. These three classes are: negligence actions (id. § 1232.1), actions involving state of mind (id. § 1232.2), and equitable actions (id. § 1232.3).

> Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation.

3 Barron & Holtzoff, Federal Practice and Procedure (rules ed.) § 1232.1 at 106.

> Issues of negligence, including, contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.

6 Moore's Federal Practice (2d ed.) § 56.17 [42], p. 2583.

And this court held in Olstad v. Olstad, 126 N.W.2d 795 (N.D.1964):

> Ordinarily, a summary judgment will not be granted in negligence cases where the standard of the reasonable man must be applied to conflicting testimony. But where it conclusively appears ' that the plaintiff is barred by law from recovering, and that a judgment for him could not be permitted to stand, a summary judgment may properly be granted.

Examples of matters which are sufficient to bar by law a recovery on a meritorious claim are the affirmative defenses of res judicata, releases, statute of frauds, statutes of limitations and laches. 6 Moore's Federal Practice (2d ed.) § 56.03, p. 2051.

> [S]ummary judgments will normally not be warranted in an action based on negligence, unless a defendant is asserting an affirmative defense, such as res judicata, discharge in bankruptcy, or the statute of limitations, and this affirmative defense can be established with certainty.

6 Moore's Federal Practice (2d ed.) § 56.15, p. 2285.

■ Issues of negligence and contributory negligence generally have to be tried, although there are some instances in which it may appear that even if the facts as claimed by the plaintiff are proven, there can be no recovery. Summary judgment for the defendant is proper in such a case. Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man. Accordingly, motions for summary judgment where such issues were involved have usually been denied. Barron & Holtzoff, Federal Practice and Procedure (rules ed.) § 1232.1 at 109, 110.

Issues of negligence and contributory negligence generally have to be tried. Even where there is no dispute as to the facts it is usually for the jury to determine, from all the inferences and conclusions which may reasonably be drawn from the evidence favorable to the party opposing the motion, whether the conduct in question met the standard of the reasonable man.

The evidence presented at a hearing on such a motion must be construed in favor of the party opposing the motion who will be given the benefit of all favorable inferences which may reasonably be

drawn from the evidence, that indicate the presence of a genuine issue of fact.

Temme v. Traxel, 102 N.W.2d 1 (N.D. 1960).

In this state this court has said:

Questions of negligence, proximate cause, contributory negligence and assumption of risk are ordinarily questions of fact for the jury. It is only where the evidence is such that reasonable men can draw but one conclusion therefrom that they become questions of law for the court.

Vick v. Fanning, 129 N.W.2d 268 (N.D. 1964), 271.

■ We will first consider the question whether there was any evidence from which an issue of negligence on the part of the defendant could arise. It is well established in this state that the employer must furnish his employees with reasonably safe machinery, tools, and appliances. Lindenberg v. Folson, 138 N.W.2d 573 (N.D.1965); Vick v. Fanning, supra; Prefontaine v. Great Northern Ry. Co., 51 N.D. 158, 199 N.W. 480; Meehan v. Great Northern Ry. Co., 13 N.D. 432, 101 N.W. 183. The employer has a duty to warn the employee of those dangers incident to the work of which he has knowledge and of which the employee has no knowledge. He need not, however, warn of dangers which are known to the employee or which are obvious to and fully appreciated by the employee. Olstad v. Olstad, 126 N.W.2d 795 (N.D.1964); Lund v. Knoff, 85 N.W. 2d 676, 67 A.L.R.2d 1110 (N.D.1957); Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99; 35 Am.Jur. Master and Servant § 142 (1941).

■ From the facts set forth in the record, although undisputed, reasonable men might draw different conclusions as to the negligence of the defendant, and the question of negligence is then for the jury to determine. The defendant had set up the cattle chute either on the day before or in the morning of the day of the accident before the plaintiff arrived to go to work. The defendant had ample opportunity to inspect the cattle chute to determine whether it was in good operating condition, and to discover any defects. As far as we can learn from the record he did not make any inspection. The plaintiff was put to work to operate the clamp and gate of the cattle chute immediately upon his arrival at the farm, and although he had no previous knowledge of how to operate such cattle chute he was given no instruction on how to operate it, nor was he warned of any defects in the cattle chute.

■ The employer has the duty to furnish proper and safe machinery or implements and the duty to keep them in a safe and suitable condition. Herbert v. Northern Pacific Ry. Co., 3 Dak. 38, 13 N.W. 349.

It is the master's duty not only to provide proper appliances for the use of his employés, but also to exercise ordinary care to keep the appliances in good repair.

Meehan v. Great Northern Ry. Co., 13 N.D. 432, 101 N.W. 183.

An employer, in all cases, shall indemnify his employee for losses caused by the former's want of ordinary care.

North Dakota Century Code § 34–02–03.

■ This court, in Cameron v. Great Northern Ry. Co., 8 N.D. 124, 77 N.W. 1016, 1018, said:

The master is bound to observe all the care which prudence and the exigency of the situation require, with respect to furnishing instrumentalities adequately safe for the use of the servant, and, when such instrumentalities are furnished, the master is required, further, to exercise due care in keeping the same safe and serviceable; and, with this end in view, the master is bound to make seasonable inspection of the condition of the instru-

mentalities furnished for the use of the servant.

See also, 35 Am.Jur. Master and Servant §§ 141 and 184.

■■ When there is a safe way and an unsafe way of doing the work, the employer must instruct the employee how to do it to avoid injury. Vick v. Fanning, 129 N.W.2d 268 (N.D.1964); Hanel v. Obrigewitsch, 39 N.D. 540, 168 N.W. 45, 3 A.L.R. 1029. Here a jury might find that an inspection would have uncovered the defects in the cattle chute, and that a warning of such defects was necessary for the safety of the employee. Furthermore, a jury might find that instruction on the operation of the cattle chute was necessary because the plaintiff had never operated such cattle chute, or one of like kind. Here it may be found that the duties of inspection, of warning and of instruction were due the plaintiff-employee.

The defendant may have been negligent as to the entire method of operation as well. A jury might have found that the homemade cattle chute required more than one man to operate it, and that the employer failed to furnish sufficient labor to perform the task. See Kansas City Stockyards Co. of Maine v. Anderson, 199 F.2d 91, 36 A.L.R.2d 1 (8th Cir. 1952); Schmeling v. Jorgensen, 77 S.D. 8, 84 N.W.2d 558; 35 Am.Jur. Master and Servant § 197. In view of the peculiar way in which the cattle chute worked this would not at all seem unlikely. Further, a jury might have found that the employer was negligent in allowing the small sucking calf to follow too closely behind the cow. It might have been because of the calf following too closely behind the cow that set in motion the sequence of events that culminated in the injuries to the plaintiff. The veterinarian's order to the plaintiff to "hold her a minute and ⸌ will get this calf back" at the time the plaintiff was about to release the cow (the lever had been released from the ratchet bar), was followed almost immediately by the lunge of the cow, breaking open the gate and throwing the lever of the clamp upward, and tossing the plaintiff to the ground. The defendant and his helpers in the barn were pushing the cattle into the cattle chute. The plaintiff was working under the pressure of the constant flow of cattle coming into the cattle chute. The defendant had control of and regulated the pace of the flow of the cattle into the chute.

Whether the defendant was negligent in failing to exercise due care in controlling the flow of cattle into the cattle chute was a question over which reasonable minds might reach different conclusions, and should be left to the jury.

■■ The defendant urges that the plaintiff was contributorily negligent by his act in repairing the latch, and that he assumed the risk by continuing the operation of the cattle chute. In all but the most clear cases, the question of assumption of risk is for a jury. Vick v. Fanning, supra; Olstad v. Olstad, supra. In order to invoke the defense of assumption of risk, it must be shown not only that the employee had knowledge of the risk, but also that he appreciated the danger arising therefrom. Gila Valley Globe & Northern Ry. Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521; Lund v. Knoff, 85 N.W.2d 676 (N.D. 1957); Haga v. Cook, 145 N.W.2d 888 (N. D.1966); Stoner v. Eggers, 77 S.D. 395, 92 N.W.2d 528; 35 Am.Jur. Master and Servant §§ 264, 313. It is for the jury to determine from the evidence whether the plaintiff had any knowledge of the risk or that he had any appreciation of the danger that might arise from the operation of the chute.

What we have said relative to the question of assumption of risk disposes of the question of contributory negligence.

Whether the manner of the operation of the cattle chute by the plaintiff was reasonable under the circumstances was a question over which reasonable men might reach different conclusions, and thus should be left to the jury.

We are of the opinion that the evidence in the instant case is such that reasonable men might draw different conclusions as to the questions of assumption of risk and contributory negligence of the plaintiff, and as to the negligence of the defendant, and such questions should be left to the jury or trier of facts.

We find from a review of the record that the defendant has failed in his burden to clearly establish that there is no genuine issue of fact. Viewing the evidence in this case in the light most favorable to the plaintiff, the party opposing the motion, and giving him the benefit of all favorable inferences which may reasonably be drawn from the evidence, the record in this case indicates the presence of a genuine issue of fact as to the alleged negligence on the part of the defendant and as to the alleged contributory negligence and assumption of risk on the part of the plaintiff.

The judgment appealed from is reversed and the case is remanded for trial in the district court.

ERICKSTAD, J., concurs.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.

TEIGEN, Chief Justice (concurring specially).

I agree that the summary judgment must be reversed. I do not feel it is for us to speculate as to what the evidence may prove if a trial is held, nor is it for us to find facts in reviewing a summary judgment on appeal.

On a motion for summary judgment, the trial court shall consider the pleadings, depositions, and admissions on file, together with affidavits, if any, and shall render summary judgment only if it finds there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, N.D.R.Civ.P. In considering the pleadings and the factual statements submitted, the opposing party shall have the benefit of that view of the evidence most favorable to him and the burden of clearly establishing there is no genuine issue of fact is upon the movant. Mondy v. Gjesdal, N.D., 123 N.W.2d 33.

On appeal from a summary judgment, this court must view the case from a standpoint most favorable to the appellant and accept his allegations of fact as true. The only question is whether the allegations of the party against whom summary judgment was rendered were sufficient to raise a material or genuine issue of fact. In this case there was submitted, in addition to the pleadings, the deposition of the plaintiff taken by the defendant and several affidavits, some in support of and some in opposition to the motion.

When I consider the factual statements, I cannot determine whether an employer-employee relationship existed between the plaintiff and the defendant and whether the clamp on the gate of the cattle squeeze was or was not defective. If the lock on the gate was defective, it is not clear to me whether the defect had any causal connection with the injury. It does not appear that the lever and ratchet lock operating the squeeze was in any way connected with or affected by the gate lock. Further, it also appears the plaintiff may have released the gate lock before the accident occurred. The factual statements indicate that the cattle-squeeze machine was owned by a brother-in-law of the parties to this action and that he brought the machine to the defendant's farm and was present at the time the injury occurred; however, there is no fact produced which establishes his relationship, if any, in the transaction.

The trial court found that the defendant was not negligent and the defect in the lock of the gate, if one existed, was known to the plaintiff and unknown to the defendant, and that the plaintiff assumed the risk and was contributorily

negligent as a matter of law. The trial court entered a summary judgment for dismissal of the plaintiff's complaint. I believe the trial court erred in so doing.

STRUTZ, Judge (dissenting).

I cannot concur with the majority in this case. I have carefully read the entire record and can find no evidence of any negligence on the part of the defendant. Thus there is no material issue as to any substantial fact in the evidence. Consequently, I agree with the trial court that the defendant is entitled to summary judgment.

I would further point out that even if, by some stretch of the imagination, it could be determined that there is some evidence of negligence on the part of the defendant, the record clearly discloses that the plaintiff assumed the risk incidental to the operation of the apparatus which he was manipulating at the time of the accident.

I would affirm the summary judgment of the trial court.