**Karlyn MAURER, Plaintiff and Appellant,**

v.

**Wallace WAGNER, Defendant and Appellee.**

Civ. No. 930154.

Supreme Court of North Dakota.

Dec. 6, 1993.

Collin P. Dobrovolny (argued), of Lamont, Skowronek & Dobrovolny, Minot, for plaintiff and appellant.

James E. Nostdahl (argued), of Pringle & Herigstad, P.C., Minot, for defendant and appellee.

LEVINE, Justice.

Karlyn Maurer appeals from a judgment, entered upon a jury verdict, dismissing her personal injury action against her brother, Wallace Wagner. We affirm.

In 1986 Maurer and her parents agreed to help Wagner repair his recently purchased farmstead. Maurer was injured when she fell from a wooden stepladder while painting a garage at the farmstead. Maurer and her parents had brought an aluminum extension ladder with them to the farmstead, and she initially used that ladder while painting the garage. However, she switched to the wooden stepladder, which she found near the garage. According to Maurer, the ladder was wobbly and had a broken step, but she did not discover those defects until after she fell.

Maurer sued Wagner, alleging that he knew about the stepladder's unsafe condition and that he breached the duty owed to a gratuitous employee to warn and to provide safe tools. The jury found that Maurer was a gratuitous employee, but that Wagner was not negligent. Judgment was entered dismissing Maurer's action, and she appealed.

Maurer asserts that the trial court erred in instructing the jury under principles of ordinary negligence, instead of giving her requested instructions.

Jury instructions must fairly and adequately inform the jury of the applicable law. *Olson v. Griggs County et al.*, 491 N.W.2d 725 (N.D.1992). Although Maurer was entitled to instructions on her theory of the case, the trial court was not required to instruct the jury in the specific language requested by her, if the court's instructions fairly and adequately informed the jury of the law. *Id.* On appeal, we review the jury instructions as a whole to determine if they fairly and adequately advised the jury of the law. *Id.*

Maurer asserts that our caselaw establishes an employer's absolute, nondelegable duty to provide gratuitous employees with a safe workplace and tools, which includes a duty to inspect and test. She argues that the trial court erred in refusing to instruct the jury to that effect.[1]

In *Schan v. Howard Sober, Inc.*, 216 N.W.2d 793, 800 (N.D.1974), this court relied upon well-established precedent, which

"established the rule that an employer must furnish his employees with reasonably safe machinery, tools, and appliances. See *Titus v. Titus*, 154 N.W.2d 391, Syll. ¶ 5 (N.D.1967); *Lindenberg v. Folson*, 138 N.W.2d 573, Syll. ¶ 6 (N.D.1965); *Vick v. Fanning*, 129 N.W.2d 268 (N.D.1964); *Prefontaine v. Great Northern Ry. Co.*, 51 N.D. 158, 199 N.W. 480 (1924); *Meehan v. Great Northern Ry. Co.*, 13 N.D. 432, 101 N.W. 183, Syll. ¶ 3 (1904); [*Herbert v. Northern Pacific R. Co.*, 3 Dak. 38, 13 N.W. 349 (1882), aff'd 116 U.S. 642, 6 S.Ct. 590, 29 L.Ed. 755]; 53 Am.Jur.2d, Master

1. Maurer's requested instruction stated:
   "*INSPECTIONS AND TESTS*
   "It is the duty of an employer to maintain a safe place in which employees are to work, and to furnish them with safe tools and appliances with which to work. This carries with it the duty to inspect and test, or have inspected and tested, the place where the employees work, and the tools, machinery, and appliances with which their labor is performed. If an injury results to an employee from a defect which might have been discovered by inspection, the employer will be liable. An employer is chargeable with knowledge of any defect that a proper inspection would have disclosed. The employer may not discharge the duty of inspecting the place where his employees work or the tools, machinery, and appliances they use to another person.
   "Wallace Wagner had a duty to inspect the ladder he furnished to Karlyn Maurer as a gratuitous employee. He is charged with knowledge of any defect in the ladder that a proper inspection of it would have revealed and he cannot avoid liability by delegating that duty to anyone, including Karlyn Maurer."

and Servant § 187; 56 C.J.S. Master and Servant § 205."

We held that an employer owes a gratuitous employee a duty to exercise ordinary care to furnish the employee with a reasonably safe workplace and tools. *Schan, supra,* 216 N.W.2d at 801–802. *See Olson v. Kem Temple,* 77 N.D. 365, 43 N.W.2d 385, 387 (1950). Contrary to Maurer's argument, our caselaw clearly establishes that an employer must exercise ordinary care to provide a gratuitous employee with a reasonably safe workplace and tools.

In this case, the trial court instructed the jury on ordinary negligence and the meaning of ordinary care. The court further instructed the jury that an employer has a duty to exercise ordinary care to furnish[2] employees with safe tools to do their work, and that ordinary care is the degree of care exercised by a reasonably prudent person under the circumstances. The court also instructed the jury that the existence of a duty to warn depends upon whether the employer knew, or had reason to know, that the ladder was, or was likely to be, dangerous for the use for which it was supplied. The trial court's instructions correctly and adequately advised the jury on an employer's duty to a gratuitous employee under principles of ordinary negligence, and the court did not err in refusing to give Maurer's requested instruction.

Maurer asserts that the trial court erred in refusing to instruct the jury on a gratuitous employee's duty of "slight care" under N.D.C.C. § 34–02–04.[3] She argues that the court's instructions on ordinary negligence held her to a higher standard of care for her own safety than specified by that statute.

■ Maurer is mistaken that N.D.C.C. § 34–02–04 establishes a standard of care for her own safety. The statute defines the standard of care for the work performed by gratuitous employees, not the care that must be exercised by gratuitous employees for their own safety.

■ We interpret statutes as a whole and in relation to other statutes on the same subject to harmonize and give meaning to each without rendering one or the other useless. *Thompson v. N.D. Dept. of Agriculture,* 482 N.W.2d 861 (N.D.1992). Section 34–02–04, N.D.C.C., is part of a statutory scheme that recognizes that gratuitous employees' standard of care in performing services for employers is not the same as the standard of care required for services performed by employees for reward, or by employees for their own benefit. *Compare* N.D.C.C. §§ 34–02–06 [employees for reward shall use ordinary care and diligence in performing service for another] and 34–02–07 [employees for own benefit shall use great care and diligence to protect employers' interest].

Those statutes prescribe different standards of care for different classes of employees in the performance of services for employers, based upon the principle that the greater the benefit to the employee, the greater the quality of workmanship the em-

**2.** Wagner asserts that we should affirm without considering the extent of an employer's duty to an employee. He argues that Maurer's requested instruction and the court's instruction required him to "furnish" the tool to Maurer and the jury could have found that he was not negligent because he did not "furnish" the ladder to her. However, we need not speculate on what the jury may have found because an erroneous instruction on one of several alternative issues is grounds for a new trial if it is impossible to determine upon which of the issues the verdict is based. *Barta v. Hondl,* 118 N.W.2d 732 (N.D. 1962); *Reitman v. Miller,* 78 N.D. 1003, 54 N.W.2d 477 (1952).

**3.** Maurer's requested instruction stated:
"*GRATUITOUS EMPLOYEE—PERFORMANCE AND CARE REQUIRED*

"One who undertakes to do a service for another without consideration is not bound to perform the same unless it is entrusted to him at his own request, in which case he shall perform the service fully. If he commences performance, he shall use at least slight care and diligence therein."
Section 34–02–04, N.D.C.C., says:
"*Gratuitous employee—Performance and care required.* One who undertakes to do a service for another without consideration is not bound to perform the same unless it is entrusted to him at his own request, in which case he shall perform the service fully. If he commences performance, he shall use at least slight care and diligence therein. Except as otherwise provided in this section, a gratuitous employee may relinquish the employment at any time."

ployee must provide. The statutes do not require different classes of employees to exercise different degrees of care for their own safety. Requiring different classes of employees to exercise different degrees of care for their own safety would be inconsistent with principles of ordinary negligence and comparative negligence. *See* N.D.C.C. §§ 9–10–06; 9–10–07.[4] We construe statutes to harmonize, not conflict. *Thompson.* Accordingly, we reject Maurer's construction of N.D.C.C. § 34–02–04.

The trial court instructed the jury on ordinary negligence, comparative negligence, and the parties' duty to exercise ordinary care for their respective safety. Those instructions correctly and adequately advised the jury on the law, and the trial court did not err in refusing to give Maurer's requested instruction on slight care.

■ Maurer asserts that the trial court erred in not instructing the jury in the statutory language of N.D.C.C. § 34–02–03.[5] The statute says that an employer "shall indemnify" an employee for losses caused by the employer's lack of ordinary care, and Maurer argues that the trial court erred in failing to instruct accordingly.

After instructing on an employer's duty to exercise ordinary care, the trial court also instructed, in part, that an employer "may be held liable" to an employee for injuries resulting from the employer's failure to exercise ordinary care. Because the jury found Wagner was not negligent, i.e., that he did not fail to exercise ordinary care, the error, if any, in instructing the jury in terms of liability, instead of indemnity, was harmless.

The judgment is affirmed.

**4.** Section 9–10–07, N.D.C.C., was in effect when Maurer was injured in 1986. That statute was suspended from July 8, 1987, through June 30, 1993, by 1987 N.D. Sess. Laws, ch. 404, § 13, and repealed by 1993 N.D.Sess. Laws, ch. 324, § 1. The current provisions for comparative fault are found at N.D.C.C. § 32–03.2–02.

**5.** Maurer's requested instruction said:

     "*LIABILITY FOR EMPLOYER'S NEGLI-
     GENCE*

VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., and ROBERT L. ECKERT, District Judge, concur.

ROBERT L. ECKERT, District Judge, sitting in place of MESCHKE, J., disqualified.

"An employer in all cases shall indemnify his employee for losses caused by the employer's want of ordinary care. The want of ordinary care is 'ordinary negligence' as defined by these instructions. This applies in the case of a gratuitous employee as well as an employee for reward."
Section 34–02–03, N.D.C.C., says:
"*Liability for employer's negligence.* An employer, in all cases, shall indemnify his employee for losses caused by the former's want of ordinary care."