Kenneth KITTOCK, Plaintiff and Respondent,

v.

Herbert A. ANDERSON and Joseph M. Anderson, d/b/a Anderson Brothers, Defendants and Appellants.

Civ. No. 8839.

Supreme Court of North Dakota.

Jan. 18, 1973.

Knudson, J., dissented and filed opinion.

Chauncey T. Kaldor, Hillsboro, for plaintiff and respondent.

Wattam, Vogel, Vogel & Peterson, Fargo, for defendants and appellants.

STRUTZ, Chief Justice, on reassignment.

The plaintiff, a farm laborer, brings this action to recover damages for personal injuries suffered when he slipped and fell in alighting from the rear end of a grain truck which he, in the course of his employment, had swept out. He charges the defendants with negligence for failure to provide a ladder for getting into and out of the grain truck. The defendants, on the other hand, deny any negligence on their part and assert that the evidence shows, as a matter of law, that the plaintiff, a mature, experienced farm worker, assumed the risk of injury to himself in connection with his duties in sweeping out the grain truck; and that, as a matter of law, if the defendants were, in fact, negligent in not providing a ladder, the plaintiff was contributorily negligent, and that such negligence was a contributing, proximate cause of his injury. The defendants further assert that the plaintiff assumed the risk incident to sweeping out the truck box because he fully appreciated the danger involved.

The defendants moved for dismissal at the close of the plaintiff's case, and for a directed verdict at the close of all the evidence. The motion for directed verdict was denied by the trial court and the case was submitted to the jury. The jury returned a verdict for the plaintiff, and judgment was entered accordingly. The defendants thereupon moved for judgment notwithstanding the verdict based upon grounds previously urged in support of a motion for dismissal made at the close of the plaintiff's case and a motion for directed verdict made at the close of all the evidence. The motion for judgment notwithstanding the verdict was denied, and the defendants appeal from the order denying such motion.

The record discloses that the plaintiff had been employed by the defendants as a farm worker for two and one-half years and still was so employed at the time of the trial; that on the day of his injury he was

sweeping out a grain box, a task which he had performed on a number of occasions previously; that, as he had done on other occasions, he got into the truck by stepping on the tire, then onto the ledge around the bottom of the box, then swinging himself over the edge of the box. To get out of the truck, he would swing one leg over the top of the rear of the box, place his foot on the ledge around the bottom of the box, and then swing his other leg over the top of the box and jump to the ground.

On the occasion in question, he was following the same procedure, but in swinging his leg over the top of the box, after placing the first foot on the ledge, he hit the top of the truck box, lost his footing on the ledge, and fell to the ground, suffering the injuries complained of.

■ Questions of negligence, contributory negligence, proximate cause, and assumption of risk ordinarily are questions of fact for the jury to determine. It is only when the record is such that reasonable men can draw but one conclusion therefrom that such questions become questions of law for the determination of the court. Gleson v. Thompson, 154 N.W.2d 780 (N.D.1967); Willert v. Nielsen, 146 N.W.2d 26 (N.D. 1966); Vick v. Fanning, 129 N.W.2d 268 (N.D.1964); Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, 122 N.W.2d 140 (N.D.1963); Gravseth v. Farmers Union Oil Co. of Minot, 108 N.W.2d 785 (N.D.1961).

In this case, the jury found that the defendants were negligent in that they failed to provide a ladder for the use of the plaintiff in climbing into and out of the truck box.

We now must determine whether the evidence of defendants' negligence and of the plaintiff's assumption of the risks involved in his employment is such that reasonable men can draw different conclusions therefrom. If different conclusions can be drawn from the evidence presented, the verdict of the jury must be affirmed.

■ In considering these questions on appeal, we view the evidence in the light most favorable to the verdict. Larson v. Meyer, 135 N.W.2d 145 (N.D.1965); Mikkelson v. Risovi, 141 N.W.2d 150 (N.D. 1966); Christensen v. Farmers State Bank of Richardton, 157 N.W.2d 352 (N.D.1968); Willard v. Owens, 164 N.W.2d 910 (N.D. 1969).

■ It is the duty of an employer to furnish his employees with reasonably safe machinery and appliances. Lindenberg v. Folson, 138 N.W.2d 573 (N.D. 1965). No claim is made by the plaintiff in this case that the truck in question was not a reasonably safe one, or that any defect in the truck caused the injury complained of. The accident happened because the plaintiff, in descending from the truck, made a misstep and fell. The only negligence complained of is the failure of the employers to furnish a ladder to the plaintiff for the purpose of getting into and out of the truck. We do not believe that this was actionable negligence, under the circumstances of this case.

However, even though we should assume, for the purpose of argument, that it was negligence not to provide plaintiff with a ladder for ease in getting into and out of the grain truck, we nevertheless would be compelled to find for the defendants in this case. Under the evidence, the plaintiff assumed the risk of getting into and out of the truck because he was fully aware of the danger involved.

■ Under the law of this State, an employer has a duty to warn an employee of dangers incident to his employment, of which the employer has knowledge and of which the employee has no knowledge. But an employer need not warn of dangers which are known to the employee or which are obvious to and fully appreciated by the employee. Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99 (1951); Lund v. Knoff, 85 N.W.2d 676, 67 A.L.R.2d 1110 (N.D.1957); Olstad v. Olstad, 126 N.W.

2d 795 (N.D.1964); Haga v. Cook, 145 N.W.2d 888 (N.D.1966).

■■■ The record discloses that the plaintiff was a mature, experienced farm worker. He admitted that he used the same procedure of getting into and out of the truck box on the day of the accident as that followed by him on previous occasions. When asked if he felt that this procedure was dangerous, he replied: "I knew I had to be careful." He further testified that he was aware of the danger from past experience; that his foot had slipped before and he had nearly fallen. Therefore, the employers of the plaintiff in this case were not required to warn him of dangers of which he was aware and which were obvious to and fully appreciated by him, and he assumed the risk. Olstad v. Olstad, *supra.*

Since the record shows, without contradiction, that the plaintiff was fully aware of the danger in climbing into and out of the truck box in the manner in which he did it, reasonable men cannot disagree on the question of his assumption of risk.

For reasons stated in this opinion, the order denying the motion for judgment notwithstanding the verdict is reversed and the case is remanded to the district court with instructions to dismiss the plaintiff's complaint.

ERICKSTAD, PAULSON and TEIGEN, JJ., concur.

KNUDSON, Judge (dissenting).

I dissent. Under the facts in this case I am not prepared to say as a matter of law that the plaintiff's injuries were not attributable to the failure of the defendants to furnish a ladder as a means of getting into and out of the truck box. Neither do I believe that it can be said as a matter of law that the plaintiff was contributorily negligent nor assumed the risk. Upon the whole record, I am of the opinion that the evidence adduced was sufficient to form questions of fact for the consideration of the jury.

Under the circumstances of this case, the question of whether the defendants had breached their duty to furnish reasonably safe appliances, e. g., a ladder, to get into and out of the truck box was a question of fact for the determination of the jury.

Questions of negligence, contributory negligence, and assumption of risk are questions of fact for the jury. In this case, reasonable minds might differ as to whether the plaintiff had used ordinary care and diligence in getting out of the truck box, and whether the doctrine of assumption of risk was applicable, are questions of fact for the jury.

I would affirm the order of the trial court denying the motion for judgment notwithstanding the verdict.