**Wayne HELBLING, Plaintiff and Appellant,**

v.

**Frank HELBLING, Defendant and Appellee.**

**Civ. No. 9458.**

Supreme Court of North Dakota.

June 28, 1978.

---

C. J. Schauss, Mandan, for plaintiff and appellant.

Orell D. Schmitz of Schlosser & Schmitz, Bismarck, for defendant and appellee.

VOGEL, Justice.

The plaintiff, Wayne Helbling, suffered a back injury while he and an uncle were loading a dismantled furnace on a pickup truck. The two of them had been asked by Wayne's father, the defendant Frank Helbling, to load the furnace. The evidence indicates that Wayne, who was of age and married and not living with his parents, worked for his father occasionally when requested to do so, and was usually paid in goods such as meat or gasoline. On the day in question, he was paid by filling the gasoline tank of his own vehicle.

Wayne and his uncle were being assisted to some extent by a minister, from whose church the furnace had been purchased. The loading was being done by lifting a long board, which had been run through an opening in the piece of the furnace being lifted at the time of the injury.

The complaint alleged negligence in failing to provide sufficient assistance. The answer alleged contributory negligence and assumption of risk and included a general denial.

Depositions were taken of the plaintiff and his uncle, and a motion for summary judgment was made by the defendant and granted by the court. The plaintiff appealed. We reverse.

In its memorandum decision the trial court first decided that Wayne was an independent contractor. This is a theory which had been advanced by neither party in his brief. The parties had argued whether the plaintiff was an employee for reward [Sec. 34–02–06, N.D.C.C.] or a gratuitous employee [Sec. 34–02–04, N.D.C.C.; *Schan v. Howard Sober, Inc.,* 216 N.W.2d 793 (N.D.1974); and see *Olson v. Kem Temple, Ancient Arabic Order of the Mystic Shrine,* 77 N.D. 365, 43 N.W.2d 385 (1950)].

The court went on to hold that even if it were in error in its determination that the plaintiff was an independent contractor, still he was not entitled to recover, regardless of whether he was a gratuitous employee or an employee for reward, because there was no negligence as a matter of law. In support of this conclusion the court cited the plaintiff's testimony in his deposition that he "lifted wrong" and hurt his back, and that the piece of iron being lifted was not too large for three men to lift.

In our view, the court erred in making this determination. We recently held, in *Miller v. Trinity Medical Center,* 260 N.W.2d 4, 7 (N.D.1977), that an admission by a plaintiff that he felt responsible to some extent for his own injury was not conclusive as an admission of legal liability. We said:

> "A layman may use the word 'responsible' in the sense of causation in fact, as distinguished from proximate cause in law. As we said in *Bertsch v. Zahn,* 141 N.W.2d 792, 795 (N.D.1966):
>
> > 'Furthermore, we know from experience that what an individual concludes is his fault may not in the eyes of the law be his fault.'
>
> See also *Klein v. Harper,* 186 N.W.2d 426, 432–433 (N.D.1971)."

We have held many times, most recently in *Kirton v. Williams Elec. Co-op., Inc.,* 265 N.W.2d 702 (N.D.1978), that summary judgment should rarely be granted in cases involving allegations of negligence, and that even undisputed facts do not justify summary judgments if reasonable differences of opinion may exist as to the inferences to be drawn from the undisputed facts.

Here, there are questions as to the extent of assistance being given by the minister—at one point it was stated that he was helping "some"—and, regardless of the opinion of the plaintiff, whether the metal casting being lifted was too heavy for two or three persons to lift, and whether proper tools and appliances had been supplied. See *Schan v. Howard Sober, Inc., supra.*

The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.