**James BENJAMIN, Plaintiff and Appellant,**

v.

**Clifford BENJAMIN, Defendant and Appellee.**

Civ. No. 880317.

Supreme Court of North Dakota.

April 19, 1989.

John Mahoney, of Mahoney & Mahoney, Center, for plaintiff and appellant.

Charles T. Edin, of Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

James Benjamin appealed a summary judgment dismissing his claim against Clifford Benjamin for negligence. We affirm.

James is the son of Clifford. In 1980, James, age 48, moved on the farm with Clifford. He worked for his father and was oftentimes paid in farm goods such as cattle and feed. He also did occasional work for other farmers in the surrounding area.

On June 2, 1986, Clifford instructed James to replace the shovels on the plow with spikes.[1] When James attempted to change one of the shovels, he discovered that when Clifford had previously installed that shovel, he used a bolt that was about an inch too long; the bolt apparently had hit a hard object and bent, making removal difficult.

James attempted to straighten the bolt by striking it with a hammer. When he struck the bolt, a sliver of steel struck him in the eye, causing serious injury.

James brought suit against Clifford, alleging Clifford was negligent in using the wrong-size bolt and in not supplying James with eye protection which might have prevented the injury.

Clifford moved for summary judgment, claiming there was no genuine issue of material fact and therefore he was entitled to summary judgment as a matter of law. James countered that material issues of fact do exist: specifically, whether James was an employee or independent contractor and whether Clifford was negligent in not supplying James with eye protection. The trial court granted summary judgment in favor of Clifford and James appealed.

When presented with a motion for summary judgment, the court may examine "the pleadings, depositions, admissions, affidavits and interrogatories, and inferences

---

1. The shovel is attached by two bolts to the shank which, in turn, is attached to the frame of the plow.

to be drawn therefrom, to determine whether or not summary judgment is appropriate." *Umpleby By and Through Umpleby v. State*, 347 N.W.2d 156, 159 (N.D.1984). In *Stensrud v. Mayville State College*, 368 N.W.2d 519, 521 (N.D.1985), we recognized the foundation for determining when summary judgment is appropriate:

"Summary judgment is appropriate to promptly and expeditiously dispose of controversies without trial when, after viewing the evidence in a light most favorable to the party against whom summary judgment is sought and giving her the benefit of all favorable inferences, only a question of law is involved or there is no genuine dispute over either the material facts or inferences to be found from undisputed facts. *Garcia v. Overvold Motors, Inc.*, 351 N.W.2d 110 (N.D.1984); *Allegree v. Jankowski*, 355 N.W.2d 798 (N.D.1984); *Wilbur–Ellis Co. v. Wayne & Juntunen Fertil.*, 351 N.W.2d 106 (N.D.1984). Even when a factual dispute exists summary judgment is proper if the law is such that the resolution of the factual dispute will not change the result. *Gowin v. Hazen Memorial Hospital Ass'n*, 349 N.W.2d 4 (N.D.1984)."

The trial court in this case found that James was an independent contractor. We stated in *Fettig v. Whitman*, 285 N.W.2d 517, 519 (N.D.1979):

"In almost any given situation, the question whether one is an employee or an independent contractor depends largely upon the facts and circumstances of the transaction and the context in which they must be considered. Ordinarily a question of fact for the jury, the determination of whether or not one is an independent contractor, becomes a question of law when the facts are undisputed and only one inference can reasonably be drawn therefrom." [Citations omitted.]

James usually was paid on a project-by-project basis. He generally chose the method and manner of accomplishing the tasks he performed for his father. On the other hand, as James points out, "a farm laborer will have some degree of discretion in the manner in which the work is done, as well as the method used." Clifford also indicated in his deposition that he was the boss and James was his helper. Moreover, there appears to be some dispute whether Clifford helped James choose the tools for changing the shovels on the plow. We agree that, from these facts, more than one inference can reasonably be drawn; that is, James may have been an independent contractor or he may have been an employee.[2] However, even if James were an employee, resolution of the issue of negligence is dispositive of this case.

The trial court concluded that even if James were an employee, there was no negligence on the part of Clifford as a matter of law. James argues that the trial court erred in concluding there was no negligence.

▪ The negligent conduct alleged is that Clifford installed a bolt that was an inch too long and he did not tell James to wear protective eyewear. It is well settled in North Dakota that questions of negligence, contributory negligence, and proximate cause are questions of fact for the jury in a personal-injury action, unless evidence is such that reasonable people can draw but one conclusion therefrom. *Priel v. R.E.D., Inc.*, 392 N.W.2d 65 (N.D.1986); *Stokka v. Cass County Elec. Coop.*, 373 N.W.2d 911 (N.D.1985); *Lindenberg v. Folson*, 138 N.W.2d 573 (N.D.1965); *Goulet v. O'Keeffe*, 83 N.W.2d 889 (N.D.1957). Reasonable people can come to but one conclusion: that under the facts of this case, installing a bolt that is an inch too long in a plow is not negligence.

▪ Moreover, whether or not it was negligence to fail to provide James with, or direct him to use, protective eyewear when

2. The employee-independent contractor issue apparently is significant to James not because he believes an independent contractor is immune from liability, but because, James implicitly suggests, an employer owes a higher standard of care to an employee than he does to an independent contractor. Whether that would be true under the facts of this case we need not decide.

it was so obvious that protective eyewear was warranted is not, under the undisputed facts of this case, determinative. Assuming it was negligence to not provide James with eyewear or to fail to direct him to use the protective eyewear, we nevertheless would be compelled to hold for Clifford. From the undisputed facts in the record, or any inferences to be drawn therefrom, James assumed the risk because he was fully aware of the danger involved in using a hammer to remove the bolt without protecting his eyes. See *Kittock v. Anderson,* 203 N.W.2d 522 (N.D.1973).

In *Kittock,* a farm laborer brought an action against his employers for negligence in not providing a ladder for getting in and out of a grain truck. The plaintiff had on prior occasions jumped from the truck box, but on the particular occasion in question lost his footing and fell. The court noted that "an employer has a duty to warn an employee of dangers incident to his employment, of which the employer has knowledge and of which the employee has no knowledge. But an employer need not warn of dangers which are known to the employee or which are obvious to and fully appreciated by the employee." *Id.* at 524. In reversing the denial of judgment notwithstanding the verdict, the court stated:

"The record discloses that the plaintiff was a mature, experienced farm worker. He admitted that he used the same procedure of getting into and out of the truck box on the day of the accident as that followed by him on previous occasions. When asked if he felt that this

procedure was dangerous, he replied: 'I knew I had to be careful.' He further testified that he was aware of the danger from past experience; that his foot had slipped before and he had nearly fallen. Therefore, the employers of the plaintiff in this case were not required to warn him of dangers of which he was aware and which were obvious to and fully appreciated by him, and he assumed the risk." 203 N.W.2d at 525.

The court concluded that because the "record shows, without contradiction, that the plaintiff was fully aware of the danger in climbing into and out of the truck box in the manner in which he did it, reasonable men cannot disagree on the question of his assumption of risk," and therefore dismissed the complaint. *Id.*[3]

In the present case, it is undisputed that James was aware of the danger of not wearing protective eyewear. He testified at his deposition as follows:

"Q. [Attorney] Okay. Mr. Benjamin [James], when you are doing your welding work, you use protective eyewear, I assume.

"A. [James] Yeah, I have got protective eyewear and a welding helmet.

"Q. And you use those regularly?

"A. Yes, I always did wear safety glasses every time I picked up a grinder. That's the honest truth.

"Q. That's when you were doing the millwright work?

"A. Yes. Even around home I always wore safety glasses. I picked up

**3.** At first glance, this case also appears similar to *Helbling v. Helbling,* 267 N.W.2d 559 (N.D. 1978). In *Helbling,* Wayne Helbling brought an action against his father, Frank Helbling, for negligence. Wayne worked for his father occasionally and was usually paid in goods such as meat or gasoline. On the occasion in question, Wayne and his uncle were asked to help load a furnace onto a pickup truck. The two were also assisted to some extent by a minister, from whose church the furnace was purchased. As Wayne was helping lift the furnace, he injured his back. He brought suit against his father, alleging negligence in failing to provide sufficient assistance. The answer alleged assumption of risk and contributory negligence and included a general denial.

In granting summary judgment, the trial court found that Wayne was an independent contractor; but even if he were not, the trial court determined, Wayne was not entitled to recover because there was no negligence on the part of his father. To support its decision, the court cited the plaintiff's testimony in which he stated he "lifted wrong."

In reversing and remanding for further proceedings, this court stated that "an admission by a plaintiff that he felt responsible to some extent for his own injury was not conclusive as an admission of legal liability." 267 N.W.2d at 561. Thus in *Helbling* the issue was the legal effect of an "admission" of contributory fault. Here, the question is whether or not reasonable jurors could draw different conclusions on the issues of negligence and assumption of risk.

the grinder hammer, always wore them. This one time I just didn't wear them. I slipped up somehow. It was just pure accident.

.    .    .    .    .

"Q. Had you given any thought to—did you have your acetylene torch at the farm that day?

"A. I had acetylene out there, but it was out of gas. Anyway, I didn't have any gas.

"Q. Had you thought about cutting it off?

"A. I really didn't think they would be that hard to get off. I took a wrench and went out there.

"Q. Have you ever cut bolts off with an acetylene torch?

"A. Many times.

"Q. If you would have had the torch there, would you have used it?

"A. Yeah, I rather imagine I would have.

"Q. When you started to use the hammer to hit the bolt, did you make—you made that decision on your own?

"A. Mm-hmm. Yes, I guess I would have to say I did."

Thus James knew that protective eyewear was available and he should have been wearing it. Reasonable people cannot disagree that James was fully aware of the dangers involved in not using eye protection and, in failing to use such protection, he assumed the risk of injury.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.