**Shirley JOHANSEN, Individually, and as the Personal Representative of the Estate of Dennis Johansen, Plaintiff and Appellant**

v.

**Lane ANDERSON, Defendant and Appellee.**

**Civil No. 960094.**

Supreme Court of North Dakota.

Nov. 18, 1996.

Donald T. Campbell (argued) of Pringle & Herigstad, PC, Minot, for plaintiff and appellant. James E. Nostdahl on brief.

Paul F. Ebeltoft (argued) of Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for defendant and appellee.

NEUMANN, Justice.

Shirley Johansen, individually, and as personal representative of the estate of her deceased husband, Dennis Johansen, appealed from a summary judgment dismissing her action for damages against Lane Anderson. We reverse and remand.

In February 1992, Lane Anderson purchased a drill fill and bin sweep from the Farmers Union Elevator in New Town. The drill fill is used to transfer seed from a grain truck box to a drill or planter. The bin sweep is used for directing grain from a grain bin toward an auger which then carries the grain up into a truck box. Both of these pieces of equipment can be operated by attaching hoses to a hydraulic hoist system on a grain truck. Jene Hasby, an employee with the elevator, modified Anderson's grain truck hydraulic system to operate the bin sweep and drill fill. He installed a diverter valve which is pushed in or pulled out to operate either the truck box hoist or one of these other pieces of equipment, which are attached by hoses to hydraulic couplings on the truck.

Dennis Johansen was killed while using the bin sweep as an employee on Anderson's farm. On the morning of the accident, Dennis Johansen was using the bin sweep to auger grain from a bin into Anderson's truck. Just as he was exiting the bin, the truck box unexpectedly rose, pushing the grain elevator into the side of the bin and crushing Johansen between the auger and the bin. He later died from the injuries suffered in this accident.

Shirley Johansen sued Anderson for the wrongful death of her husband, claiming Anderson's failure to provide a safe work environment and equipment was the proximate cause of the accident. Her complaint alleged "the hydraulic system malfunctioned as the result of the negligence of [Anderson] in failing to properly install, maintain, and instruct, Dennis Johansen on the use of, the hydraulic system." Anderson's motion for summary judgment dismissal was granted by the district court, and Shirley Johansen appealed.

 Summary judgment under Rule 56, N.D.R.Civ.P., is a procedural device for promptly and expeditiously disposing of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that resolution of the factual dispute will not alter the result. *A & H Services, Inc. v. City of Wahpeton,* 514 N.W.2d 855 (N.D.1994). A party seeking summary judgment must initially show the absence of a genuine issue of material fact, but once the movant has met that initial burden, the party opposing the motion cannot rest on mere allegations or denials in pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact. *Security Nat'l Bank of Edgeley v. Wald,* 536 N.W.2d 924 (N.D.1995). In determining if a genuine issue of material fact exists, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn therefrom. *Stewart v. Ryan,* 520 N.W.2d 39 (N.D.1994). The court must view the evidence in the light most favorable to the party opposing the motion, and give to that party the benefit of all favorable inferences which it can reason-ably draw from the evidence. *A & H Services,* 514 N.W.2d at 856.

 In determining whether summary judgment is warranted, the court must consider the substantive standard of proof at trial. *A & H Services,* 514 N.W.2d at 857. The court must view the evidence presented through the "prism of the substantive evidentiary burden," bearing in mind the actual quantum and quality of proof necessary to support liability. *State Bank of Kenmare v. Lindberg,* 471 N.W.2d 470, 474 (N.D.1991). Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case on which that party will bear the burden of proof at trial. *Matter of Estate of Stanton,* 472 N.W.2d 741 (N.D. 1991).

Shirley Johansen claims Anderson is liable for failing to provide a safe work environment and equipment for his employee, Dennis Johansen, in three respects: (1) Anderson negligently hired Jene Hasby to modify the grain truck hydraulic system; (2) Anderson negligently failed to inspect the modified hydraulic system; and (3) Anderson is liable for Hasby's negligent modification of the hydraulic system.

 It is well settled that an employer owes an employee a duty to exercise ordinary care to furnish the employee with a reasonably safe workplace and tools. *Maurer v. Wagner,* 509 N.W.2d 258 (N.D.1993). We explained the employer's duty to provide a safe workplace in *Titus v. Titus,* 154 N.W.2d 391, 393, Syllabus 7 (N.D.1967):

> "The employer is bound to observe all the care which prudence and the exigency of the situation require, with respect to furnishing instrumentalities adequately safe for the use of the employee, and, when such instrumentalities are furnished, the employer is required, further, to exercise due care in keeping the same safe and serviceable; and, with this end in view, the employer is bound to make seasonable inspection of the condition of the instrumentalities furnished for the use of the employee."

As explained in Volume 3, Modern Tort Law § 43.22 (Rev. Ed.1990), agricultural employers have the same duty to provide employees with a safe workplace as other employers:

> "The rancher or farmer, like any other employer, is under a duty to exercise ordinary care for the safety of employees. This has been held to include the duty to provide a reasonably safe place to work, and reasonably safe tools, implements and appliances with which to perform it.

> \*　　\*　　\*　　\*　　\*　　\*

> "These duties are nondelegable, and the agricultural employer cannot escape liability by contracting with another person for their performance. But the duty is not absolute, and with rare exception is limited to exercising ordinary care."

### NEGLIGENT HIRING

■ Shirley Johansen asserts Anderson was negligent in hiring Jene Hasby to modify the truck's hydraulic system, because Hasby was not in the business of modifying hydraulic systems and had only modified one other truck hydraulic system in the past seven or eight years. According to the Restatement, Second, Torts § 411 (1965) an employer can be liable for failing to use reasonable care to hire a contractor:

> " *§ 411. Negligence in Selection of Contractor*

> "An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

> "(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

> "(b) to perform any duty which the employer owes to third persons."

Thus, Anderson had a duty to act reasonably in hiring someone to modify the hydraulic system.

Hasby testified by deposition that he had previously worked as a mechanic with Boeing and was currently an assistant manager at the elevator, where, as part of his duties, he would repair equipment such as bearings and motors. Anderson bought the drill fill and bin sweep from the elevator and Hasby agreed to modify the hydraulic system on Anderson's truck so these items could be used with it. Shirley Johansen has not presented any evidence, by affidavit, deposition, or otherwise, showing Anderson knew Hasby had installed only one unit in the past seven or eight years or that he had any reason to believe Hasby was not qualified to install these farm items which the elevator had sold to him.

■ Questions of negligence are questions of fact for a jury to determine unless the evidence is such that reasonable people can draw but one conclusion therefrom. *Benjamin v. Benjamin*, 439 N.W.2d 527 (N.D.1989). Shirley Johansen has failed to produce evidence from which a reasonable person could conclude Anderson was negligent in allowing Hasby to modify the hydraulic system. She has simply failed to produce sufficient evidence on that issue to raise a genuine issue of material fact and forestall summary dismissal of that claim.

### NEGLIGENT FAILURE TO INSPECT

■ Included within the duty to provide safe tools for employees, an employer is required to make seasonable inspection of the condition of the tools he furnishes for the use of his employees. *Titus*, 154 N.W.2d at 397–398. Shirley Johansen claims Anderson was negligent because the evidence shows he did not inspect the modified hydraulic system. However, there is no evidence in the record that an inspection of the system by Anderson would have revealed any defect or problem with it. The record shows both Anderson and Dennis Johansen used the modified hydraulic system with the drill fill during the Spring of 1992, without incident. There is no evidence of any potential problem with the system prior to the accident. After the accident Shirley Johansen secured an expert in hydraulic systems, who concluded the modified hydraulic system should have "incorporated another directional valve to accommodate two hydraulic components to prevent both the hoist and the sweep auger from operating at the same time." However, there is no evidence that an inspection of the

system by Anderson, who was not alleged to have any expertise or knowledge regarding hydraulic systems, would have revealed this alleged defect in the system or any potential hazard in using the system with the bin sweep.

■ Liability cannot be predicated on negligent failure to inspect where there is no showing that a reasonable inspection would have revealed a problem prior to a malfunction. *Dahlbeck v. DICO Co., Inc.*, 355 N.W.2d 157 (Minn.App.1984) (directed verdict against plaintiff was appropriate where there was no evidence that an inspection of switches on a truck would have revealed potential failures in advance of their malfunction); *Commercial Standard Ins. Co. v. Martin*, 363 S.W.2d 228 (Tex.1962) (directed verdict against plaintiff was appropriate where there was no evidence that defendant's failure to inspect the tractor which was involved in an accident injuring the plaintiff would have revealed potential problems before the accident). We conclude Shirley Johansen has failed to raise a genuine issue of material fact whether Anderson's failure to inspect the modified hydraulic system was a proximate cause of the accident.

## NEGLIGENT MODIFICATION

■ Shirley Johansen asserts Hasby negligently modified the hydraulic system and Anderson should be held liable for the damages caused by that negligence. In its memorandum opinion, the trial court recognized that Anderson had "a non-delegable duty to provide Mr. Johansen with safe equipment," but the court concluded Anderson could not be held to have breached that duty unless he "knew, or reasonably should have known, that the hydraulic system on [his] farm truck, as modified, was potentially unsafe to operate." This is an incorrect application of the law regarding nondelegable duty.

■ We have long recognized that an employer's duty to provide his employees with a safe workplace and safe equipment is a nondelegable duty, and that an employer who entrusts the safety of his workplace and equipment to others is vicariously liable for their negligence:

"[T]he acts which the master, as such, is bound to perform for the safety and protection of his employees, cannot be intrusted to another, so as to exonerate the former from liability to a servant who is injured by the omission to perform the act or duty ... The courts all agree that it is a part of the contract of hire on the part of the master that he will furnish for the use of his servants proper, suitable, safe, and sufficient machinery and appliances, and keep them in a safe and suitable condition for such use. This is an imperative duty, a failure to perform which renders him liable as for his own neglect."

*Herbert v. Northern Pacific R. Co.*, 3 Dakota 38, 13 N.W. 349, 353 (1882). *See also Schan v. Howard Sober, Inc.*, 216 N.W.2d 793 (N.D. 1974) (one of the nondelegable duties of a master is to furnish his employees with a reasonably safe place to work). Consequently, Anderson's duty to provide safe equipment for his employee, Dennis Johansen, was nondelegable, and he could not escape liability if, in having someone else modify that equipment, it was done negligently so as to render it unsafe. *See U.S. Security Services Corp. v. Ramada Inn, Inc.*, 665 So.2d 268, 271 (Fla.Ct.App.1995) (when an undertaking is nondelegable it means the performance of the task may be delegated to another but the responsibility or ultimate liability for the proper performance of that task cannot be delegated); *Greening by Greening v. School District of Millard*, 223 Neb. 729, 393 N.W.2d 51, 57 (1986) (nondelegable duty means an employer who assigns work to an independent contractor consequent to a duty is not relieved from liability arising from the delegated duties negligently performed).

■ Because Anderson's duty to provide Dennis Johansen with safe equipment was a nondelegable duty, he cannot escape liability if Hasby's modification of the hydraulic system was performed negligently and thereby caused injury to Dennis Johansen. Anderson's liability is not contingent on his knowledge that Hasby negligently modified the hydraulic system, making it potentially unsafe to operate.

Shirley Johansen submitted an affidavit of Arthur F. Sholl, a registered professional engineer, who concluded:

> "[T]he hydraulic system on the truck and sweep auger was deficient in that it should have incorporated another directional valve to accommodate two hydraulic components to prevent both the hoist and sweep auger from operating at the same time. . . . As a result of the failure of the hydraulic system to prevent both the hoist and the sweep auger from operating at the same time, the truck hoist raised up ... resulting in [Johansen's] death."

In determining whether a plaintiff has sufficiently raised a genuine issue of material fact to escape a motion for summary judgment dismissal, we give the party opposing the motion the benefit of all favorable inferences that can reasonably be drawn from the evidence. *Ellingson v. Knudson,* 498 N.W.2d 814 (N.D.1993). Although the evidence presented by Shirley Johansen on this issue is scant, we believe it is adequate to raise a genuine issue of material fact whether the hydraulic system was negligently modified and unreasonably dangerous, thereby subjecting Anderson to vicarious liability for Dennis Johansen's injuries. Unlike professional malpractice actions, there is no requirement in ordinary negligence cases for expert testimony to establish the standard of care and whether the defendant's professional conduct deviated from that standard. *See, e.g., Richmond v. Nodland,* 501 N.W.2d 759 (N.D.), *cert. denied,* 510 U.S. 869, 114 S.Ct. 195, 126 L.Ed.2d 153 (1993). Rather, in general negligence actions an actor's duty is to exercise reasonable care under the circumstances. *Tom Beuchler Const., Inc. v. City of Williston,* 392 N.W.2d 403, 405 (N.D.1986). The ultimate question of whether the defendant's conduct was reasonable is for the factfinder to determine. *See, e.g., Waletzko v. Herdegen,* 226 N.W.2d 648, 652 (N.D.1975).

There is a triable issue of fact if different inferences can be drawn from the evidentiary facts permitting the factfinder to conclude the defendant's conduct was not reasonable. *See, e.g., Johnson v. American Motors Corporation,* 225 N.W.2d 57, 60 (N.D. 1974). Shirley Johansen submitted expert testimony, by affidavit, that the modified hydraulic system was deficient because it did not have two directional valves. A factfinder could draw an inference from this evidence that it was not reasonable to modify the hydraulic system using only one directional valve. The question of whether Hasby did or did not act reasonably is for a jury to decide. We conclude this evidence raises a genuine issue whether the system was negligently modified and whether that negligence was a proximate cause of Dennis Johansen's injuries and resulting death.

At this point normally we would remand for a trial on the issue of whether Anderson is liable for the injuries and death of his employee, Johansen, caused by Hasby's alleged negligent modification of the hydraulic system on Anderson's grain truck. In this case, however, defendant, in his brief, suggested plaintiff sued Hasby in a separate proceeding in Mountrail County District Court, and claimed the jury in that trial returned a verdict finding no negligence or fault on the part of Hasby. The legal significance of that verdict, if any, was not argued to the district court in this case (the verdict was entered several months after the district court's memorandum in this case) and is not properly before us now. We therefore reverse the judgment in this case and remand for further proceedings consistent with this opinion.

MARING and SANDSTROM, JJ., and M. RICHARD GEIGER, District Judge, concur.

M. RICHARD GEIGER, District Judge, sitting in place of MESCHKE, J., disqualified.

VANDE WALLE, Chief Justice, concurring specially.

I reluctantly concur in the result. The majority analyzes our long-standing master-servant law recognizing the employer's non-delegable duty to provide the employee with a safe workplace and safe equipment. This enduring principle was most probably deemed necessary for the protection of the employee in 1882. Its viability as protection for the employee today is questionable. It seems to me the better action in today's

world of complex machines and equipment is to encourage the employer to contract with the specialists to do the technical work rather than to encourage the employer to attempt to install, modify, or repair equipment about which the employer may not know enough to protect the employee.

But the incentive to spend the money to contract with the specialist is at least diminished if the employer remains liable for the acts of the contractor when, notwithstanding the employer's best efforts to protect the employee by seeking the services of the expert, the employee is injured and the employer is held liable because the duty to provide a safe workplace and safe equipment is nondelegable. The temptation, it seems to me, is for the employer to do the installation, modification, or repair and save the cost of hiring the specialist because the employer is liable in any event if there is an injury to an employee as a result of the installation, modification, or repair.

This rationale is discussed, in another context, in *Fleck v. ANG Coal Gasification Co.*, 522 N.W.2d 445, 452 (N.D.1994) where we considered the application of Sections 416 and 427 of the Restatement of Torts, providing exceptions to the general rule of employer non-liability for the acts of an independent contractor. After noting the vast majority of jurisdictions which have considered the issue hold that employers of independent contractors are not vicariously liable to the employees of the independent contractor under the Sections 416 and 427 of the Restatement of Torts, we quoted with approval *Wagner v. Continental Casualty Co.*, 143 Wis.2d 379, 421 N.W.2d 835, 842 (1988):

> " 'If the principal employer incurs tort liability when he hires an independent contractor, the principal employer would, for reasons of cost, prefer to use his own employees, who may be inexperienced, rather than employ an independent contractor skilled in the task. Thus, several courts conclude that to impose tort liability on the principal employer would have unfavorable consequences to the principal employer, the independent contractor, the employees and the public.' "

Noting that the majority rule "encourages the hiring of trained professionals with special expertise to perform work that is inherently dangerous or encompasses a peculiar risk[ ] better promotes the dual policy concerns of safety to the general public and safety to those performing the work...." *Fleck*, 522 N.W.2d at 452, we quoted with approval from the decision in *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 387–388 (Mo.1991):

> " 'Independent contractors are frequently, if not usually, hired because the landowner is aware of his own lack of expertise and seeks to have the work performed as safely and efficiently as possible by hiring those possessing the expertise he lacks.
>
> " 'If the landowner chooses to avoid the additional liability imposed by the inherently dangerous exception, he may choose to direct his own employees to do the work despite his and their lack of expertise. That simple choice limits the landowner's exposure to that provided under worker's compensation. But that choice also increases the risk of injury to the employees and to innocent third parties.
>
> " 'The anomaly is apparent now. By permitting employees of independent contractors to invoke the inherently dangerous doctrine, the law takes the distorted position of (1) rewarding landowners who, despite their own lack of expertise, choose to perform work negligently resulting in injury to workers, (2) increasing risks to innocent third parties and (3) punishing landowners who seek expert assistance in an effort to avoid liability for injury!' "

It seems to me a comparable rationale is applicable here. If the employer remains liable for the specialist's act, even when the employer is not negligent in the hiring, the employer is encouraged to save the cost and do the work in-house, to the detriment of the employee and the public. I suggest it is time we reconsider the master-servant law relied on by the majority. But, the issue was not briefed nor argued in this case and we should reconsider only after full briefing and argu-

ment. I therefore concur in the result in this case.