Filed 7/29/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 155

Mark Gullickson, Plaintiff and Appellant

v.

Torkelson Brothers, Inc., Defendant and Appellee

No. 990004

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Thomas B. Jelliff, 711 North Washington, Suite 202, Grand Forks, N.D. 58203, and Larry J. Richards (argued), under the Rule on Limited Practice of Law by Law Students, for plaintiff and appellant.

Scott J. Landa of Vaaler, Zimney, Foster & Johnson, P.O. Box 13417, Grand Forks, N.D. 58208-3417, for defendant and appellee.

Gullickson v. Torkelson Brothers, Inc.

No. 990004

Sandstrom, Justice.

[¶1] Mark Gullickson appeals from the judgment of dismissal of the district court.  Gullickson argued Torkelson Brothers, Inc., had breached a duty to him when he was injured on the job.  Because there is no evidence of breach of duty, the judgment of the district court is affirmed.

I

[¶2] Gullickson was employed on the Torkelson Brothers, Inc., farm.  On December 31, 1993, he was injured when he slipped on the wooden floor of a semi-trailer he was inspecting before loading with potatoes.  At the time of his injury, Gullickson was an experienced 36-year-old farm laborer employed by Torkelson Brothers, Inc.  Prior to his employment with Torkelson Brothers, Inc., Gullickson worked exclusively from 1985 to 1992 for another Hoople area potato farmer.  From May 1992 through mid-January 1994, Gullickson was employed by Torkelson Brothers, Inc.

[¶3] Gullickson testified that loading potatoes took place approximately four days per week during the winter months.  When a semi-truck arrived at the warehouse, he would inspect the trailer before filling it with potatoes.  He testified the purpose of his inspections was to determine whether the trucks were warm, clean, free from foreign objects, and in good working order.

[¶4] The semi-trailer in which Gullickson was injured was owned not by Torkelson Brothers, Inc., but by an independent trucker.  When he opened the doors to the trailer, he noticed “a lot” of dirt on the trailer floor.  Tom Torkelson, one of the owners of the business, was walking by, and Gullickson asked him if he wanted to load this truck.  Torkelson said yes, and Gullickson proceeded to conduct his routine inspection.  Gullickson entered the trailer and was approximately ten feet into the rear of the trailer when he slipped, but did not fall, and injured himself.  Although optional workers compensation coverage is available for agricultural workers, N.D.C.C. § 65-04-29, Torkelson Brothers, Inc., secured none.  Gullickson sued.

[¶5] On October 28, 1998, the trial court granted the Torkelson Brothers, Inc., motion for summary judgment of dismissal, and Gullickson appealed.  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

II

[¶6] Gullickson argues the district court erred in granting summary judgment, because Torkelson Brothers, Inc., breached its duty.  Although negligence actions are ordinarily inappropriate for summary judgment, whether a duty exists is generally a preliminary question of law for the court to decide.  
Hurt v. Freeland
, 1999 ND 12, ¶ 9, 589 N.W.2d 551 (citing 
Crowston v. Goodyear Tire & Rubber Co.
, 521 N.W.2d 401, 406 (N.D. 1994); 
DeLair v. County of LaMoure
, 326 N.W.2d 55, 58 (N.D. 1982)).  If the existence of a duty depends upon factual determinations, the facts must be determined by the fact finder.  
Rawlings v. Fruhwirth
, 455 N.W.2d 574, 577 (N.D. 1990); 
Barsness v. General Diesel & Equipment Co.
, 383 N.W.2d 840, 843 (N.D. 1986).  Issues of fact, however, may become issues of law for the court, if reasonable persons could reach only one conclusion from the facts.  
Rawlings
, at 577.  On a summary judgment motion, we review the evidence in the light most favorable to the opposing party.  
Narum v. Faxx Foods, Inc.
, 1999 ND 45, ¶ 15, 590 N.W.2d 454 (citing 
Freed v. Unruh
, 1998 ND 34, ¶ 6, 575 N.W.2d 433).

[¶7] To establish a cause of action for negligence, Gullickson must demonstrate Torkelson Brothers, Inc., breached a duty.  
Hurt
, 1999 ND 12, ¶ 11, 589 N.W.2d 551.  We have said negligence “‘consists of a duty on the part of an allegedly negligent person to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury proximately caused by the breach of the duty.’”  
Id.
 (quoting 
Diegel v. City of West Fargo
, 546 N.W.2d 367, 370 (N.D. 1996)).  If no duty exists, there can be no negligence.  
Id.

[¶8] Torkelson Brothers, Inc., owed Gullickson a duty.  The duty was to furnish Gullickson with a reasonably safe workplace, tools, and equipment.  
Johansen v. Anderson
, 555 N.W.2d 588, 593 (N.D. 1996).  An employer also has a duty to warn an employee of dangers incident to his employment, of which the employer has knowledge and the employee has no knowledge.  
Kittock v. Anderson
, 203 N.W.2d 522 (N.D. 1973); 
Olstad v. Olstad
, 126 N.W.2d 795 (N.D. 1964).  The employer need not, however, warn of dangers known to the employee or obvious to and fully appreciated by the employee.  
Kittock
, at 524; 27 Am. Jur. 2d 
Employment Relationship
 § 277 (1996).  
See also
 N.D.C.C. § 34-02-02 (an employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed).  An employer’s duty to warn of dangers incident to the work must be considered in the context of the employee’s maturity and experience.  
Lindenberg v. Folson
, 138 N.W.2d 573 (N.D. 1965).

[¶9] When one of the owners, Tom Torkelson, walked by the trailer, he did not inspect it, but merely looked in to check its cleanliness.  Had Torkelson been aware of the danger, he would have had a duty to warn Gullickson.  This was not an inspection undertaken by Torkelson, but merely a quick look to see whether the trailer should be loaded.  Gullickson, who had worked as a farm laborer on potato farms for over fifteen years, entered the trailer and determined it had a wood floor, and he observed the floor was covered with a thick layer of dirt.  He did not detect any wet or muddy surfaces or material.  Significantly, Gullickson admitted in his brief to the district court, the hazard was not readily discoverable by inspection.  If it was not easily discoverable, liability cannot be predicated on negligent failure to inspect where there is no showing that reasonable inspection would have revealed a problem.  
Johansen
, 555 N.W.2d at 593.  Torkelson did not inspect the trailer floor and had no duty to do so.

[¶10] The district court determined, as a matter of law, that reasonable persons could draw but one conclusion from the number of undisputed facts and other evidence when viewed in a light most favorable to Gullickson.  The conclusion was Torkelson Brothers, Inc., did not breach a duty to Gullickson.  Torkelson Brothers, Inc., was not aware of the danger and did not have to warn Gullickson, and thus did not breach a duty.  We agree with the district court, based on the undisputed evidence presented, Torkelson Brothers, Inc., breached no duty to Gullickson.

III

[¶11] The judgment of the district court is affirmed.

[¶12] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.