2003 ND 156

**Kuljit GREWAL, Plaintiff and Appellant,**

v.

**NORTH DAKOTA ASSOCIATION OF COUNTIES AND NORTHWEST CONTRACTING, INC., Defendants and Appellees.**

No. 20030099.

Supreme Court of North Dakota.

Oct. 23, 2003.

Irvin B. Nodland, Irvin B. Nodland, Bismarck, ND, for plaintiff and appellant.

Curtis L. Wike, Fleck, Mather & Strutz, Bismarck, ND, for defendants and appellees.

SANDSTROM, Justice.

[¶ 1] Kuljit Grewal appealed from a summary judgment dismissing his negligence action against Northwest Contracting, Inc., and the North Dakota Association of Counties. We affirm the dismissal of Grewal's action against the Association of Counties, reverse the dismissal of his action against Northwest Contracting, and remand for further proceedings.

I

[¶ 2] In 1988, Grewal purchased a tract of land in northeast Bismarck. When Grewal purchased his land, the lot immediately to the west of his land was vacant. The elevation of Grewal's land was lower than the vacant lot, and on the vacant lot near the boundary with Grewal's land, there was an elevated area that the parties have referred to as "stockpiles." According to Grewal, the "stockpiles" formed a natural drainage barrier between the two lots and facilitated water drainage onto an adjacent Bismarck street. Between 1990 and 1993, Grewal built four apartment buildings on his land and had a concrete retaining wall built on the west edge of his land next to the vacant lot.

[¶ 3] In 1999, the Association of Counties purchased the vacant lot to the west of Grewal's land. The Association of Counties contracted with AWBW, Inc., for architectural services to plan and design an office building on the land. The Association of Counties contracted with Northwest Contracting for construction of the office building, and Northwest Contracting subcontracted with Allan Dukart, doing business as DDR, for excavation, backfill, compaction, and landscaping for the building. During the course of the excavation and landscaping, the "stockpiles" were removed from the Association of Counties' property. In June 2001, after the "stockpiles" had been removed and while construction of the building was ongoing, a severe rainstorm resulted in excessive water and mud runoff from the construction site onto Grewal's land. Grewal claims the runoff destroyed the retaining wall and deposited mud on his property.

[¶ 4] Grewal sued the Association of Counties and Northwest Contracting, alleging Northwest Contracting failed to properly safeguard his property when it altered and modified the existing water drainage topography, causing excessive runoff onto his property. Grewal claimed the Association of Counties was liable for damage caused by its agents and for its own negligent acts in failing to safeguard his property from excessive runoff during the construction work, and Northwest Contracting was liable for damage caused by its negligent construction on the property.

[¶ 5] The trial court granted summary judgment dismissing Grewal's action. The court concluded Grewal had failed to raise a genuine issue of material fact as to whether the Association of Counties retained control over the work done by Northwest Contracting. The court also concluded Grewal failed to present evidence to show Northwest Contracting retained control over DDR's excavation work and Grewal provided no evidence that Northwest Contracting actually directed DDR in the manner, method, or operative details of the work. Grewal appealed.

[¶ 6] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Grewal's appeal is

timely under N.D.R.App.P. 4(a)(1). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 7] We review this appeal under our standards for summary judgment, which is a procedure for the prompt resolution of a controversy on the merits without a trial if the evidence demonstrates there are no disputed issues of material fact or inferences to be drawn from undisputed facts, and if the evidence shows a party is entitled to judgment as a matter of law. *Bender v. Aviko*, 2002 ND 13, ¶ 4, 638 N.W.2d 545. Whether a trial court properly grants summary judgment is a question of law, which we review de novo on the entire record. *Fetch v. Quam*, 2001 ND 48, ¶ 8, 623 N.W.2d 357. A party seeking summary judgment bears the initial burden of showing there is no genuine dispute regarding the existence of a material fact. *Id.* at ¶ 9. On appeal, we view the evidence in the light most favorable to the party opposing the motion. *Id.* at ¶ 8. A party resisting a motion for summary judgment may not simply rely on unsupported and conclusory allegations or denials in the pleadings; rather, that party must set forth specific facts, whether by affidavit or by directing the court to relevant evidence in the record demonstrating a genuine issue of material fact. *Lawrence v. Roberdeau*, 2003 ND 124, ¶ 7, 665 N.W.2d 719.

## III

[¶ 8] Grewal argues the trial court erred in granting summary judgment, because the Association of Counties and Northwest Contracting retained control over the construction site and were liable for any damage caused by their own negligence or the negligence of their subcontractor.

[¶ 9] Negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury proximately caused by the breach of the duty. *Gullickson v. Torkelson Bros., Inc.*, 1999 ND 155, ¶ 7, 598 N.W.2d 503. To establish a cause of action for negligence, a plaintiff must show the defendant has a duty to protect the plaintiff from injury. *Pechtl v. Conoco, Inc.*, 1997 ND 161, ¶ 7, 567 N.W.2d 813. Whether a duty exists is generally a preliminary question of law for the court to decide. *Id.* If, however, the existence of a duty depends upon the resolution of factual issues, the facts must be resolved by the trier of fact. *Id.*

[¶ 10] Under North Dakota law, an employer of an independent contractor generally is not liable for the acts or omissions of the independent contractor. *Rogstad v. Dakota Gasification Co.*, 2001 ND 54, ¶ 14, 623 N.W.2d 382. However, Restatement (Second) of Torts § 414 (1965) provides an employer may be liable for an independent contractor's work if the employer retains control over the independent contractor's work:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

[¶ 11] The duty created by Section 414 may arise through an express contractual provision retaining the right to control some part of the operative details of the independent contractor's work, or through the employer's actual exercise of

retained control of the work. *Rogstad,* 2001 ND 54, ¶ 16, 623 N.W.2d 382. Grewal does not rely upon any express contractual provisions for retained control of some part of the operative details of the independent contractor's work. Rather, he relies upon the employer's actual exercise of control of the work and argues the retained control exception is clearly applicable to this case.

[¶ 12] In *Fleck v. ANG Coal Gasification Co.,* 522 N.W.2d 445, 448 (N.D.1994), this Court explained the degree of retained control necessary to impose a duty on an employer of an independent contractor:

> The liability created by Section 414 arises only when the employer retains the right to control the method, manner, and operative detail of the work; it is not enough that the employer merely retains the right to inspect the work or to make suggestions which need not be followed. Comment c to Section 414 explains the difference:

> "In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way."

A

[¶ 13] Grewal claims the Association of Counties had plans and specifications for construction of the office building prepared and those plans included removing the stockpiles. He argues his damages were caused by negligence designed into the plans provided by the Association of Counties. He also argues the Association of Counties retained control over the worksite and was liable for any damage caused by its own negligence or its subcontractor's negligence.

[¶ 14] According to an affidavit of Mark Johnson, the executive director of the Association of Counties, the Association of Counties contracted with AWBW to design the building and with Northwest Contracting to construct the building, because the Association of Counties was not in the business of designing and constructing buildings. According to Johnson, the Association of Counties did not direct or control the method and manner of the work of either AWBW or Northwest Contracting, and the method and manner of excavation, backfill, trenching, or compaction was not directed by the Association of Counties. According to an affidavit of Jerry Splonskowski, the secretary of Northwest Contracting, the Association of Counties provided no labor or materials for the work and did not control the method or manner of the work of Northwest Contracting or any subcontractors.

[¶ 15] Grewal has not presented any competent admissible evidence by affidavit or other comparable means to raise a factual dispute as to whether the Association of Counties controlled the method, manner, and operative details for the plans and design for the building, or for the work at the construction site. A party resisting a motion for summary judgment may not simply rely upon pleadings or unsupported allegations; rather, the re-

sisting party must present competent admissible evidence by affidavit or other comparable means raising an issue of material fact. *Rogstad,* 2001 ND 54, ¶ 10, 623 N.W.2d 382. We conclude Grewal failed to raise a disputed factual issue regarding his claim against the Association of Counties, and we affirm the summary judgment dismissal of that claim.

### B

**[¶ 16]** Grewal claims the plans for the building created a condition that exposed his property to damage and Northwest Contracting had a duty to take necessary steps to prevent damage to his property. Grewal also claims Northwest Contracting retained control over the worksite and negligently supervised the manner and means by which DDR performed its work.

[¶ 17] Grewal's complaint alleged:

In the course of construction work performed on Association of Counties' property, Northwest Contracting failed to properly safeguard Grewal's property when it altered and modified the existing water drainage topography and patterns in such a manner as to cause excessive run-off from rains in an amount and pattern that would not have happened had said alternation [sic] and modifications not taken place or had it taken proper steps during construction.

. . . .

Defendant Northwest Contracting is liable to plaintiff for damage caused by its negligent acts in the manner in which it performed construction work on the property of Association of Counties.

[¶ 18] To the extent Grewal argues the design and plans created a condition that exposed his property to damage, he has not presented any legal or factual basis to support that claim against Northwest Contracting. Grewal's claim regarding control of the construction site, however, requires a different analysis.

[¶ 19] According to Splonskowski, Northwest Contracting did not direct or control the means and manner of the work of DDR other than to monitor DDR's compliance with the plans and specifications for the work. Grewal nevertheless argues the deposition testimony of Northwest Contracting's foreman, Robert Holzer, raises a factual issue regarding the applicability of the retained control exception to Northwest Contracting:

Q. Can you give us a little bit of an idea of what your job responsibilities as a foreman entail?

A. To run the job, to make sure the subs are there, and build the building.

. . . .

Q. And were you a foreman during the entire construction period?

A. Yes.

. . . .

Q. Can you describe for us a little bit of what site construction—excavations—what site preparation had to go on before construction of the building could—

A. We removed some spill piles that were there, and that had to be staked, had it staked out and started digging the hole.

. . . .

Q. Okay. Were you the overseer or foreman as far as the site preparation was concerned?

A. Yep.

. . . .

Q. Okay. So did you have supervisory powers over DDR?

A. Yeah.

Q. You gave them instructions as to what to do?

A. Mm-hmm—yes.

Q. Did they also have the loaders—the front-end loaders, or whatever was used to load the trucks, did they also belong to DDR?

A. Yes.

Q. But you gave them instructions as to what was to be excavated and to what level it was to be excavated—that sort of thing?

A. Yes.

. . . .

Q. Well, when you are acting as a foreman here, one of the considerations, is it not, is that you must be concerned about whether or not what you're doing and how you're directing the project might affect people who have surrounding property?

A. Yes.

. . . .

Q. Did you take any steps, yourself, from the directions that you gave to D & D[sic] or to others, that were specifically intended to assure that there was no damage to adjacent landowners?

A. No; but we also didn't do anything to make any excessive run-off, or anything, to the properties, either.

[¶ 20] Under ordinary negligence principles, an independent contractor or subcontractor may be liable for its own negligence to all who may be foreseeably injured by the conditions at a construction site during construction. *See Fettig v. Whitman*, 285 N.W.2d 517, 520–21 (N.D. 1979), *overruled on other grounds, Shark v. Thompson*, 373 N.W.2d 859, 867–69 (N.D.1985); *Ruehl v. Lidgerwood Rural Tel. Co.*, 23 N.D. 6, 16, 135 N.W. 793, 795–96 (1912). *See generally* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 104A, at pp. 722–25 (5th ed.1984); 2 Norman Landau & Edward Martin, *Premises Liability* § 7.04[1] (2003); 41 Am.Jur.2d, *Independent Contractor* § 65

(1995). In the context of this case, Northwest Contracting or DDR could be liable if they left the construction site in a condition such that it was foreseeable that a rainstorm would result in rain and mud runoff damaging Grewal's property.

[¶ 21] In *ANG*, 522 N.W.2d at 448, this Court said it was not enough for the employer to have a general right to order the work stopped or resumed, to inspect its progress, or to receive reports or other rights generally reserved to employers, but the degree of control must be such a retention of the right of supervision of operative details that the independent contractor is not entirely free to do the work in his own way. Although Northwest Contracting claims Holzer's deposition testimony was explained in a subsequent affidavit, viewed in the light most favorable to Grewal, Holzer's testimony raises an inference that Northwest Contracting retained a right of supervision of the operative details of the construction site to the degree necessary to impose a duty on Northwest Contracting. We conclude Grewal has raised a factual dispute regarding the degree of control of the construction site sufficient to implicate the retained control exception for Northwest Contracting. We therefore reverse the summary judgment dismissal of Grewal's claim against Northwest Contracting and remand for further proceedings.

## IV

[¶ 22] We affirm the summary judgment dismissing Grewal's action against the Association of Counties, reverse the summary judgment dismissing his action against Northwest Contracting, and remand for further proceedings.

[¶ 23] GERALD W. VANDEWALLE, C.J., WILLIAM A. NEUMANN, CAROL

RONNING KAPSNER, WILLIAM A. NEUMANN and MARY MUEHLEN MARING, JJ., concur.