# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3789
_____

Benjamin William Vandewarker

*Plaintiff - Appellant*

v.

Continental Resources, Inc.

*Defendant - Appellee*

Wade Works LLC; Palmer Oil, Inc., formerly known as Palmer Mfg. & Tank, Inc.

*Defendant*s
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: November 15, 2018
Filed: February 26, 2019
_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Benjamin Vandewarker, an employee of Great Western Resources (Great Western), appeals the district court's[1] grant of summary judgment to Continental Resources, Inc. (Continental), dismissing Vandewarker's personal injury action against Continental. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Continental hired Great Western as an independent contractor to gauge wastewater levels in holding tanks at its well sites in North Dakota. Vandewarker, a semi-tractor truck operator employed by Great Western, emptied and hauled wastewater from the wells' holding tanks. Additionally, he was tasked by Great Western with the responsibility of conducting the actual gauging of the wastewater levels. To do so, he climbed metal staircases adjacent to the tanks and measured the tanks' water levels. On October 18, 2012, Vandewarker attempted to assess the water levels at one of Continental's well sites and fell 10-15 feet off one of the holding tank staircases, due to a loose bolt and disconnected bracket. He fractured several ribs and injured his back and shoulder.

In June 2013, Vandewarker, a citizen of Oregon, filed this diversity suit for his injuries against Continental, an Oklahoma company, claiming negligence, gross negligence, and intentional infliction of emotional distress. Specifically, Vandewarker alleged that Continental failed to properly install, inspect, and maintain the staircase, thus negligently failing to provide to Vandewarker equipment that was safe for its intended use and a safe environment in which to work. In deposition testimony, he contended that Continental knew about the faulty condition of the stairs because he had told a Continental employee about it two days before his fall. Continental did not dispute this fact but emphasized in a summary judgment motion that because Vandewarker was employed by its independent contractor, Great

---

[1]The Honorable Daniel L. Hovland, then United States District Judge for the District of North Dakota, now Chief Judge, United States District Court for the District of North Dakota.

Western, Continental owed no duty to him. The district court granted summary judgment to Continental, concluding that Continental did not retain the right to exercise control over the work performed by its independent contractor, Great Western, or Great Western's employee, Vandewarker, nor did Continental exercise actual control over the work performed by Great Western and Vandewarker. Therefore, Continental owed no duty to Vandewarker. Vandewarker contests the order on several bases, arguing Continental either had direct liability for his injuries or at least assumed liability through its actions.

"We review de novo a district court's grant of summary judgment[,]" viewing the "facts and inferences . . . in the light most favorable to the nonmoving party." Kiemele v. Soo Line R.R. Co., 93 F.3d 472, 474 (8th Cir. 1996). The moving party bears the burden of showing "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Because this is a diversity action, we apply "the substantive law of the forum state, here North Dakota." N. Oil & Gas, Inc. v. Moen, 808 F.3d 373, 376 (8th Cir. 2015). Under North Dakota law, "[n]egligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury proximately caused by the breach of the duty." Grewal v. N.D. Ass'n of Counties & Nw. Contracting, Inc., 2003 ND 156, ¶ 9, 670 N.W.2d 336, 339 (citing Gullickson v. Torkelson Bros., Inc., 1999 ND 155, ¶ 7, 598 N.W.2d 503, 505). "To establish actionable negligence, a plaintiff must show the existence of a duty by the defendant to protect the plaintiff from injury." Pechtl v. Conoco, Inc., 1997 ND 161, ¶ 7, 567 N.W.2d 813, 816 (citing Madler v. McKenzie Cnty., 467

N.W.2d 709, 711 (N.D. 1991)). Whether such a duty exists is typically "a preliminary question of law for the court." Id.

Under Restatement (Second) of Torts § 414, the employer of an independent contractor may owe the independent contractor's employee a duty through "an express contractual provision giving the employer the right to control the operative details of the independent contractor's work, or by the employer's actual exercise of retained control of the work." Pechtl, 1997 ND 161, ¶ 11, 567 N.W.2d at 816. Here, Vandewarker alleges that a duty arose in both ways. First, he suggests that the language in the Master Service Contract between Continental and Great Western stating "work will [be] performed to the full and complete satisfaction of Continental" is sufficiently ambiguous to raise a question of fact about retained control. See Madler, 467 N.W.2d at 713. We disagree. The contract does not provide that Continental will supervise, inspect, or direct Great Western's work. In fact, the express terms of the contract place the burden of safety on Great Western, stating:

> [Great Western] warrants that it is an expert in the work it will perform, that its employees and agents have been trained to follow all applicable laws, rules, and regulations and work safely, and that all of its equipment has been thoroughly tested and inspected and is safe, sufficient and free of any defects, latent or otherwise. [Great Western] acknowledges that Continental will rely upon these representations.

Br. in Support of Motion for Summary Judgment, Ex. 1, Dist. Ct. Dkt. 33.

Second, Vandewarker contends that Continental actually exercised sufficient retained control over Great Western's work to create a duty to its employees. However, "merely providing equipment [to the employee of one's independent contractor] is not the kind of control that creates a duty." Kristianson v. Flying J Oil & Gas, Inc., 553 N.W.2d 186, 190 (N.D. 1996). The employer must also "directly supervise[] or control[] its use, or instruct[] the independent contractor's employee

-4-

on use of the equipment." Id. An employer's "interest in safety at the jobsite" is similarly insufficient to impose a duty. Pechtl, 1997 ND 161, ¶ 17, 567 N.W.2d at 817. Thus, while it is undisputed that Continental owned and provided the staircase, Vandewarker has failed to demonstrate that Continental directly supervised his work or instructed him on the use of the well site equipment. Absent a premises liability framework, Continental's control over the stairs and interest in safety at the well site are irrelevant; it is its lack of control over the "method, manner, and operative detail" of Vandewarker's work that is dispositive. Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 448 (N.D. 1994). Because Continental did not control Vandewarker's work nor instruct him on the use of the equipment, it did not owe him a duty. Absent a duty, Continental cannot be liable for negligence. See Pechtl, 1997 ND 161, ¶ 7, 567 N.W.2d at 816. Therefore, the district court did not err in granting summary judgment to Continental.

Vandewarker also argues that Continental's failure to answer his amended complaints, filed after the summary judgment briefing, requires that all allegations in those amended complaints be deemed admitted in his favor pursuant to Fed. R. Civ. P. 8(b)(6), making summary judgment improper. As Continental conceded at oral argument, it should have filed answers in response to the amended complaints. However, the parties presented extensive summary judgment briefing before the district court, and Vandewarker could have supplemented that record with additional arguments about Continental's liability. Furthermore, because Vandewarker's amended complaints contained no new claims against Continental, Continental's first answer responded to all of the substantive allegations made against it. See Edelman v. Belco Title & Escrow, LLC, 754 F.3d 389, 395 (7th Cir. 2014) (holding that a party's failure to respond to a fourth amended complaint did not constitute an admission of allegations when the party "had previously answered all of the allegations against it"). Furthermore, to the extent that Vandewarker makes a premises liability argument on appeal, we will not consider it, as that claim was not

-5-

raised before the district court, even in his amended complaints.[2]  See United States v. Oldham, 787 F.2d 454, 457 (8th Cir. 1986) ("Absent extraordinary circumstances, we will not consider an issue raised for the first time on appeal.").  Throughout his pleadings, Vandewarker attributed Continental's alleged liability solely to its status as an employer of an independent contractor, not as a premises owner.  Thus, we have reviewed only the summary judgment record addressed by the district court.

We affirm.

_____

[2]Vandewarker's amended complaints added other defendants as well as a claim for products liability.  Contrary to Vandewarker's assertions at oral argument, no facts were added to the complaints to suggest the addition of a premises liability claim.